By the Court—Hoffman, Justice.
The question may properly be examined upon the rules which would have governed a similar case before the Code; and then upon" the point, whether the Code has varied the rules we may find to have prevailed.
In the first place, it is necessary to advert to a most important position of the. defendant’s counsel, upon which much of his reasoning proceeds, and which I apprehend is erroneous.
The cause of action—the point in issue—the common point of 'litigation, is not, as he urges, the setting aside of the release given by George to John B. Rusher. The foundation and primary cause of action is the partnership relation between the two, the asserted debt from John to George upon the transactions of that partnership, the investment of the funds of the firm (among other property) in various parcels of real estate specified, and the right to follow that property for the satisfaction of that demand.
Test this point by the ancient practice of the Court of Chancery before the disuse of special replication, and the introduction of what is termed the charging part of a bill. The plaintiff here would have set out his case as representative of the deceased copartner, alleged an indebtedness, demanded an account, asserted a lien upon the property in which the firm funds were invested, and sought to reach it by a decree. The defendant would have set up a release by plea or answer. A special replication would have assailed the release on the ground of fraud.
But afterwards the system of anticipating a defense arose, and the pleader put it in the shape of a pretense of the defendant, and met it by a charge of matter designed to overthrow, it. (See Hoff. Ch. Pr., vol. 1,41-43.) An example is given by Lord Redesdale of an heir-at-law filing a bill upon some equitable ground; and expecting a will to be set up, states it by way of a pretence of the defendant, and makes charges to impeach it.
*545 Although Mr. Justice Harris appears to consider that this mode of framing a complaint is no longer proper, yet in the case before him, the pretense and charge were clearly improper under the former system of pleading. The charge was merely a restatement of the fact alleged in the complaint, and the pretense a statement of the defendants’ denial of it. (Clark v. Harwood, 8 How., 470.)
I do not suppose that there is anything in the Code prohibiting a plaintiff from framing a complaint in the manner this complaint is framed—setting forth an original right off action; setting forth a defense,-such as an account stated, or release, which may interfere with that right, and making statements which tend to remove that defense. The test of the question is this : that, without the statements showing the original cause of action, irrespective of the release, the complaint would be useless, however sufficient its allegations might be to set aside that release. The case of Phillips v. Gorham, (17 N. Y. R., 270,) appears to me decisive of the point: indeed, it is a much stronger case.
I apprehend, then, that the primary subject of the action, and its primary object, is the right to, and relief by, an account of the partnership dealings, and the payment of the debt alleged to be due, with the judicial determination that a lien exists for that debt upon the property specified. The removal of the release is' subordinate and auxiliary thereto.
The next point of importance insisted upon by the defendants’ counsel is, that the plaintiff cannot sustain such a claim for relief as he seeks against the defendant Easton, until he has obtained a judgment for his demand against the copartner of his testator, involving, of course, the cancelment of the release; that a lien is indispensable to entitle any one to assert any claim to the real estate in the hands of Easton; and that the relation is precisely the same as that of a creditor without a judgment.
. I apprehend, however, that there are few points in the law of partnership more fully settled than this: that, where real estate has been purchased with partnership funds, each partner has an equitable lien upon it, not only as representing creditors to secure their rights through such lien, but for payment of his own eventual demand. If thé title is taken in the name of one, he is a trustee, and the copartner a cestui que trust. This equitable lién *546 may always bé successfully asserted against the partner, against his heirs, devisees, or his voluntary assignees, and against all except purchasers for value without notice. (The cases are collected in Oollyer on Partnership, 4th Am. ed., §§ 125, 127, 135, and notes.)
If this conclusion is correct, then the two cases of Fellows v. Fellows, (4 Cow., 682,) and Boyd v. Hoyt, (5 Paige, 65,) appear to be decisive of the right to sustain the action as framed. When a judgment is obtained, a creditor’s bill may be filed to reach the debtor’s property; and different grantees of different parcels transferred fraudulently may be made parties to one bill. The lien affects every parcel and every grantee. The concurrence in accepting and upholding the fraudulent transfers creates a common responsibility, and makes the main object of the suit common to all.
It can scarcely be necessary to say, that the joinder of causes of action and of parties, which would have been allowed before the Code, will be permitted under the 167th section.
It remains to be examined whether the allegations of the present complaint are sufficient to bring the case within the rules of the authorities cited.
Easton is alleged to have been the attorney of John B. Rusher, and well acquainted with his dealings as well as those of his wife with the property in question. It is very clearly averred that the funds of the firm were invested in these specified parcels, some of which Mary took fraudulently to aid John.in deceiving creditors, or to deceive himself and get control. Easton gets a power of attorney, through which he effects a transfer of the legal title to himself of all these parcels without any consideration, and apparently in violation of his duty to John. • But, at any rate, under such conveyances as he claims upon, he stands exactly in John?s position—thelands in his name are charged and affected with the equitable lien as fully as they would be if they remained in John’s name.
The order at Special Term must be affirmed, with costs.