## ELLIOTT v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court of Appeals, Ninth Circuit. June 19, 1922.)

No. 3842.

**Judgment ⊚⟹256(2)—Inconsistent verdict held not to support judgment.**

A verdict, in an action for damages for false imprisonment, that "we, the jury, find in favor of the defendant, provide, however, we award the plaintiff seven hundred and fifty dollars damages," *held* inconsistent, and not determinative of the issues, and not to sustain a judgment for either party.

In Error to the District Court of the United States for the Second Division of the Northern District of California.

Action at law by Harry W. Elliott against the American Surety Company of New York. Judgment for plaintiff, and he brings error. Reversed.

Chalmer Munday and Albert Picard, both of San Francisco, Cal., for plaintiff in error.

M. R. Jones and Joseph G. De Forest, both of San Francisco, Cal., for defendant in error.

Before MORROW and HUNT, Circuit Judges, and DOOLING, District Judge.

DOOLING, District Judge. This is an action for damages for false imprisonment. The plaintiff was held in jail for a period of 12 days upon a charge of murder, and upon his discharge brought this action against the surety upon the imprisoning officer's bond for damages in the sum of $30,000. The case was tried to a jury, which returned a verdict in the following form:

"We, the jury, find in favor of the defendant, provide, however, we award the plaintiff seven hundred and fifty dollars damages.

"G. F. Neal, Foreman."

Upon this verdict judgment was entered in favor of plaintiff and against defendant for $750 and costs. To the verdict and the order for judgment thereon both sides duly excepted, and the plaintiff has brought the case to this court upon writ of error.

The defendant urges that the plaintiff cannot attack the verdict or the judgment entered thereon because he is the prevailing party, and if any error was made by the court in construing the verdict such error was in his favor. The plaintiff contends that the verdict cannot support a judgment, because it does not decide the issue submitted to the jury and is inconsistent on its face.

It is regarded as elementary that a verdict should determine the issues and impart a definite meaning, free from ambiguity. In the present case the verdict determines the same issue in favor of both the plaintiff and the defendant. It finds first in favor of the defendant. This means that the plaintiff did not suffer a false imprisonment at the hands of the officer, or that, if he did suffer such imprisonment, he was not damaged thereby. Having thus found that plaintiff was not en-

titled to damages, the verdict then proceeds to award him damages in the sum of $750. If this amount were appreciably greater, it is quite likely that the defendant would be here complaining of the judgment, instead of the plaintiff, and properly so. So that in all cases of this kind it is left for the court to say who actually prevailed, with no standard to guide it in determining which side will be dissatisfied upon the entry of judgment upon a verdict to which both sides object.

When the cause is submitted to a jury, the jury should decide it by a clear and consistent verdict, and trial and appellate courts should not be put to the added task of determining in whose favor a judgment should be entered upon an inconsistent and self-destructive verdict. By what process of reasoning the jury reached its verdict in the present case it is impossible to say, as it is impossible to say who might have prevailed, or what might have been the amount of the verdict, if the jury had really decided the issues submitted. The only way to avoid these difficulties and to secure certainty is to insist upon consistent verdicts. If one jury cannot agree upon such a verdict, the cause should be submitted to another. That should be done in the present case.

The judgment is therefore reversed, and the cause remanded for another trial.