HUNTER *v.* INTERNATIONAL RY. IMP. CO.

(*Circuit Court, S. D. New York.* October 13, 1886.)

COSTS—DEPOSITION DE BENE ESSE—ATTENDANCE OF DEPONENTS.
If a party takes the depositions of witnesses living at such a distance that he cannot compel their attendance, he is to be allowed therefor in the taxation of costs, notwithstanding the attendance of the witnesses at the trial is procured by the other side, and the use of the depositions thereby prevented.

Appeal from Taxation of Costs.
*Ewing & Southard*, for plaintiffs.
*Dillon & Swayne* and *David Keane*, for defendants.

BROWN, J. As the witnesses lived over 100 miles from the place of trial, the depositions were a necessary preparation for the trial on the part of the plaintiff. Had he waived the use of the depositions by his own action, or by procuring the attendance of the witnesses, he could not tax for the depositions and for the subpœnas and attendance. But the defendant, it appears, procured the attendance of the witnesses; and the depositions being *de bene esse* only, that is, to be used conditionally upon their non-attendance, the plaintiff was not legally entitled to read the depositions when the defendant produced the witnesses for examination. Section 865 provides, in general, that the depositions in such cases are not to be used; and such is the general rule in regard to depositions taken *de bene esse*. *Patapsco* v. *Southgate*, 5 Pet. 604, 617; *Pettibone* v. *Derringer*, 4 Wash. C. C. 215, 219; *Stein* v. *Bowman*, 13 Pet. 209; *The Thomas*

*& Henry* v. *U. S.*, 1 Brock. 367; *Barron* v. *People*, 1 N. Y. 386; *Guyon* v. *Lewis*, 7 Wend. 26.

There was in this case no waiver of the depositions by the party who had taken them, and a voluntary substitution therefor of the oral examination on the trial. This apparently distinguishes the present case from that of *Hathaway* v. *Roach*, 2 Wood. & M. 63.

As the plaintiff could not compel the attendance of the witnesses, and did not procure them, and was compelled to be at the necessary expense of the depositions in order to prepare for trial pursuant to the statute, his right, as the prevailing party, to tax this expense, cannot be justly taken away by the defendant's having produced the witnesses for examination at the trial. That taxation is therefore affirmed.