## JEROME v. TWENTIETH CENTURY–FOX FILM CORPORATION.

District Court, S. D. New York.

Oct. 15, 1946.

See also 7 F.R.D. 190.

O'Brien, Driscoll & Rafferty, of New York City (Arthur F. Driscoll, Milton M. Rosenbloom, and Everett Birch, all of New York City, of counsel), for plaintiff.

Edwin P. Kilroe, of New York City (Edwin P. Kilroe and Julian T. Abeles, both of New York City, of counsel), for defendant.

Sidney Wm. Wattenberg, of New York City, for Music Publishers Protective Ass'n, Inc., amicus curiae.

John Schulman and William Klein, II, both of New York City, for Songwriters Protective Ass'n, amicus curiae.

Leo J. Rosett and Alfred Beckman, both of New York City, for Shapiro, Bernstein & Co., Inc., amicus curiae.

LEIBELL, District Judge.

In taxing costs in this case the Clerk of the Court taxed, in favor of the defendant, $78.57 as one-half of the charge for a copy of the minutes of the trial furnished to the Court, and $89.25 as the cost of a transcript of plaintiff's deposition.

Defendant moves for a retaxation of costs claiming that the Clerk should have also taxed $475.40 for the transcript of the deposition of Samuel Jesse Buzzell; $81.75 for the deposition of Jack Mills; $198.75 for the deposition of Edward B. Marks; $25 for the deposition of Max Marks; and $185.10 for the deposition of Edwin P. Kilroe.

I believe that the Clerk was right in taxing against the plaintiff, the unsuccessful party, the one-half of the cost of the minutes of the trial paid by the defendant, and $89.25 for the transcript of plaintiff's deposition. Plaintiff did not appear at the trial. She is a woman of advanced years and parts of her deposition were read into the record. Plaintiff's motion to retax the costs is denied.

All of the witnesses whose depositions are the subject of defendant's motion resided within the metropolitan area of New York City and were available for examination at the trial, with the exception of Edward B. Marks who died shortly before the trial. But as to his deposition and that of his brother Max it had been agreed by counsel that the testimony of the one would be considered that of the other, and vice versa. Max Marks was a witness at the trial. Some of his deposition and that of his brother Edward was used in the course of his examination. Mr. Buzzell was examined at great length at the trial. Likewise some of his deposition was referred to and quoted. About five pages of the deposition of Jack Mills were read into the record. He had been subpoenaed and was present in Court. Mr. Kilroe was the attorney for the defendant and of course was present throughout the trial but did not testify. His deposition was used by plaintiff only to a limited extent.

The parts of the depositions used at the trial were copied by the stenographer into the minutes of the trial, for which plaintiff is being taxed. Plaintiff should not be required to pay twice for the parts of the depositions that were found usable.

As I indicated in denying defendant's motion for counsel fees 71 F.Supp. 914,

the bitter animus of counsel for both sides has made this litigation pretty much of a personal feud. The litigation could have been avoided if defendant had been a wee bit generous before it started. Defendant could have saved money by being less technical. Perhaps that lesson will be worth the price.

Under the circumstances above outlined and in the exercise of the discretion reposed in the Court on an application of this kind (Harris v. Twentieth Century Fox Film Corp., 2 Cir., 139 F.2d 571), I deny the defendant's application.

Settle an order accordingly.