**MARSHALL v. SOUTHERN PAC. CO.**
No. 31146.

United States District Court
N. D. California, S. D.
May 11, 1953.

Hepperle & Hepperle, San Francisco, Cal., for plaintiff.

Ricksen, Freeman & Johnson, Albert Hogan and Joseph R. Longacre, Jr., of Oakland, Cal., for defendant.

FRIEDMAN, District Judge.

This matter concerns the motion of defendant to disallow the sum of $258.60 for one-half of the daily transcript, which was allowed as one item of the costs by the Clerk of the Court. This was an action by the employee against the employer under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The trial started on a Monday morning and the verdict of the jury for $25,000 in favor of plaintiff was returned at Friday noon of the same week. The taking of testimony began on Monday afternoon and was finished Thursday noon, or a total of three days. At the request of both counsel, the reporter furnished to each counsel one copy of the daily transcript of the testimony at a total cost of $517.20, and each side paid one-half of this sum to the reporter. Plaintiff asks that the sum of $258.60 paid by him as his half, be taxed as costs against the defendant.

No request was made to the Court for a copy of the transcript, nor did the Court at any time direct that the testimony be written up, nor was a copy of the testimony ever furnished to the Court by any one.

Plaintiff bases his claim for allowance of this cost on the provisions of 28 U.S.C. § 1920, which reads, in part, as follows: "A judge or clerk * * * may tax as costs the following: * * * (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case".

Defendant contends that the daily transcript was not necessarily obtained for use in the case, but was only for the convenience of the parties. The matter hinges upon the meaning of the phrase "necessarily obtained for use in the case".

In Kenyon v. Automatic Instrument Co., D.C.W.D.Mich.1950, 10 F.R.D. 248, 254, the Court said: "The general practice in this and other Federal courts is that the losing party bear the expense of the original transcript which is furnished for the use of the court. See Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490; Gotz v. Universal Products Co., Inc., D.C., 3 F.R.D. 153, 156. The expense of any additional copies of the transcript obtained by the parties for their own personal use must, of course, be borne by them. Stallo v. Wagner, 2 Cir., 245 F. 636; Atwood v. Jaques, C.C., 63 F. 561."

In Republic Machine Tool Corporation v. Federal Cartridge Corporation, D.C.D. Minn.1946, 5 F.R.D. 388, in disallowing the cost of a daily transcript, the Court said: "In Stallo v. Wagner, 2 Cir., 1917, 245 F. 636, 641, the court, citing cases, held that 'a party who obtains for his own convenience and use on the trial a copy of the stenographer's minutes is not entitled to have the amount paid the stenographer therefor taxed * * *.' See also Hayes v. Surface Combustion Corp., D.C.N.Y., 1937, 25 F.Supp. 515, 516. The decision never has been overruled, and the United States Supreme Court recognized the case's basic principle in Ex parte Peterson, 253 U.S. 300, 316, 40 S.Ct. 543, 64 L.Ed. 919. The rule appears to be sound and to cause a justifiable result.

"In the instant case, the transcript was ordered and used by plaintiff's counsel. It was not ordered or requested by the Court. In the final analysis, the transcript was for the convenience and aid of plaintiff's coun-

230

sel. It was not obtained because it was necessary to the determination of the case. It had nothing to do with the final result of the case. Nor was it necessary to the trial of the case. Although it was given to the Court with the briefs, and was helpful, the Court did not request it nor consider it as having been obtained for its benefit. Plaintiff's counsel obtained it of his own volition and for his own purposes."

Considering the same problem arising in National Comics Publications, Inc., v. Fawcett Publications, Inc., D.C.S.D.N.Y.1950, 93 F.Supp. 349, 359, the Court said: "defendants have also moved to re-tax their costs by including * * * the cost of a daily transcript of the trial proceedings. No direction was made by the court that any such daily transcript be furnished, and there appears to have been no necessity therefor. The motion * * * is accordingly denied."

We find a similar rule expressed in Department of Highways v. McWilliams Dredging Co., D.C.W.D.La.1950, 10 F.R.D. 107, 109, in the following words: "There is no provision in the Federal Rules or statutes for the allowance to litigants of the costs of copies of transcripts of testimony which they see fit to purchase from the reporter, other than the original filed in the record. * * * This copy was not used in, nor was it necessary to a decision of the case and will, therefore, be disallowed."

A case in which the cost of a transcript of testimony obtained by the winning party *was* taxed against the losing party is Weiss v. Smith, D.C.D.Conn.1952, 103 F.Supp. 736, where the Court found that "the last paragraph of defendant's brief appears to concede the necessity of the transcript for plaintiff's use." The Court in that case seemed to construe Sec. 1920 (2) as allowing a transcript to be taxed as costs when "necessarily obtained for the use *of a party*". Most cases interpret the section as allowing this cost only when necessary for the use of the Court.

There is no doubt that in the case at bar, the daily transcript was a great convenience and aid to plaintiff's counsel, but

this is not the test. Since it was not requested by the Court, was not furnished or even offered to the Court, and was not used by the Court, I find that the daily transcript was not necessarily obtained for use in the case.

The motion of defendant for disallowance of the item of costs for the daily transcript is granted.