William Francis RYAN, Plaintiff,

v.

ARABIAN AMERICAN OIL COM-
PANY, Defendant.

United States District Court
S. D. New York.

May 4, 1955.

Jerome Y. Sturm, New York City, for plaintiff.

Louis F. Huttenlocher, New York City, for defendant.

BONDY, Chief Judge.

Plaintiff brought this action to recover $96,431.94 for breach of a contract of employment. He alleged in his complaint six causes of action: (1) for wrongful discharge; (2) for the cost of return passage from Arabia; (3) for overtime work; (4) for classification higher than that for which he was paid; (5) for unpaid vacation; and (6) on account of being blacklisted. The judge who tried the case dismissed the fourth and sixth causes of action, and accepted a general verdict in favor of plaintiff for $3,261.94 without requiring the jury to specify on which claims the general verdict was found.

The defendant opposes the allowance of any costs to the plaintiff, contending that the plaintiff was not the prevailing party within the meaning of the Federal Rules of Civil Procedure, rule 54(d), 28 U.S.C.A., because it succeeded in having the 4th and 6th claims, amounting in the aggregate to $78,077.-24, dismissed. However, since plaintiff recovered a judgment he is the prevailing party, even though he failed to sustain all his claims. Cf. California Fruit Exchange v. Henry, D.C., 94 F.Supp. 653; see 6 Moore, Fed.Practice, par. 54.-70(4) (2d ed.).

The plaintiff is not entitled to the $50 he paid for a copy of his deposition taken by defendant. A copy of the deposition was on file in the office of the clerk of this court. Accordingly plaintiff obtained a copy of the deposition for his own convenience and not because it was necessary for use in the case. 28 U.S.C. § 1920(2); Perlman v. Feldmann, D.C., 116 F.Supp. 102, 109–112; see Burnham Chemical Co. v. Borax Consolidated, D.C., 7 F.R.D. 341, 343.

The plaintiff is entitled to tax the $100 he paid to an attorney in Seattle, Washington, for the attorney's attendance at the examination of plaintiff before trial by the defendant. The provision in the order under which the examination was taken which stated that "Each party is to bear his own expenses in connection with the taking of said deposition", was not intended to, nor does it, preclude plaintiff from recovering the fee which he paid to his attorney for representing him at the taking of the deposition. The order simply provided the condition under which the deposition was to be taken, namely, that each was to pay his own expense. It did not determine who ultimately would be required to bear the expense. Rule 4(a) of the Civil Rules of the Southern District of New York provides that when one party proposes the taking of a deposition at a place more than 150 miles from the courthouse, the court has the power to order the applicant to pay the expenses, "including a reasonable counsel fee", for the attendance of one attorney for the adverse party prior to the examination. See Goodman v. Lane, D.C., 12 F.R.D. 176. The court may also order the payment of expenses and a reasonable counsel fee prior to the examination, under Rule 30(b) of the Federal Rules of Civil Procedure, as an "order which justice requires". See Houghton Mifflin Co. v. Stackpole Sons, Inc., D.C., 1 F.R.D. 506; 4 Moore, Federal Practice, par. 30.14 (2d ed.). Since the court can order payment of attorney fees in this situation prior to the taking of the deposition, there seems to be no good reason why such fees should not be taxed as of the costs after the action has been tried

and decided. Accordingly in the exercise of its discretion the court allows plaintiff the $100 he paid his attorney for representing him at the taking of the deposition. Cf. Schmitt v. Continental-Diamond Fibre Co., D.C., 1 F.R.D. 109, affirmed 7 Cir., 116 F.2d 779; Rolax v. Atlantic Coast Line R. Co., 4 Cir., 186 F.2d 473.

 The plaintiff is not entitled to recover the $5.90 paid for a copy of the answers to interrogatories put by the defendant to defendant's witnesses. They were filed in this court on April 17, 1953. They were available to plaintiff's attorney at all times. The copy was acquired for plaintiff's convenience and not because such a copy was "necessarily obtained for use in the case". 28 U.S.C. § 1920(2); Perlman v. Feldmann, supra; Burnham Chemical Co. v. Borax Consolidated, supra, 7 F.R.D. at page 343.

Plaintiff is entitled to $1.45 paid for copies of three United States Government documents which it offered in evidence, notwithstanding the fact that they were excluded by the trial court as irrelevant. They were "necessarily obtained for use in the case", 28 U.S.C. § 1920, par. (4), even though they were not used at the trial. See 6 Moore, Federal Practice, par. 54.77(6) (2d ed.).

Plaintiff is entitled to the $17.00 paid defendant's attorney for photostatic copies of the defendant's records ordered during a discovery and inspection proceeding. These records were kept by the defendant in connection with the regular and overtime hours worked by the plaintiff. Plaintiff did not possess information contained therein which related to plaintiff's third cause of action. Accordingly the photostatic copies were necessarily obtained for use in the plaintiff's case. 28 U.S.C. § 1920(4). See Burnham Chemical Co. v. Borax Consolidated, supra, 7 F.R.D. at pages 341–343; Perlman v. Feldmann, supra, 116 F.Supp. at pages 112–113, 114.

Plaintiff is not entitled to the railroad fare paid by him for one round trip between Seattle and New York in order to enable him to testify at the trial of his case. Parties to an action are not entitled to mileage. Barnhart v. Jones, D.C., 9 F.R.D. 423; see Picking v. Pennsylvania R. Co., D.C., 11 F.R.D. 71. Witnesses who are not parties are limited to mileage of only 100 miles from the courthouse where the trial takes place if they travel outside the district. Spiritwood Grain Co. v. Northern Pac. Ry. Co., 4 Cir., 179 F.2d 338, 344; Lee v. Pennsylvania R. Co., D.C., 93 F.Supp. 309; Kenyon v. Automatic Instrument Co., D.C., 10 F.R.D. 248, 251–252. While it certainly was expensive for the plaintiff to bring the action in New York, it was not necessary for the plaintiff to bring suit in this district. It appears from an uncontroverted affidavit of defendant's attorney that at all times defendant has been amenable to suit in California, and in fact maintains a statutory agent in that state to accept service of process for it.

Settle order on notice in accordance herewith.