Thomas Turner COOKE, Plaintiff,

v.

UNIVERSAL PICTURES COMPANY, Inc., a Delaware corporation, Defendant.

United States District Court
S. D. New York.
June 8, 1955.

Alexander Kahan, New York City, for plaintiff.

Phillips, Nizer, Benjamin & Krim, New York City (Louis Nizer, and Paul Martinson, New York City, of counsel), for defendant.

PALMIERI, District Judge.

Defendant, the prevailing party in this case, appeals from rulings of the Clerk of this Court in which the Clerk disallowed four items of defendant's bill of costs. Three of these items concern the cost of obtaining copies of stenographic minutes of depositions taken by plaintiff. The other concerns the cost of obtaining stenographic minutes of the trial proceedings which were ordered by defendant because it believed that the minutes would be useful in the defense of the action.

■ The statute provides that "[a] judge or clerk of any court of the United States may tax as costs the * * * [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case * * *." 28 U.S.C. § 1920 (1952 ed.). Transcripts of depositions are consid-

ered part of the "stenographic transcript" for the purposes of this provision. See Perlman v. Feldmann, D.C.D.Conn. 1953, 116 F.Supp. 102, 109–112, reversed on other grounds, 2 Cir., 219 F.2d 173, certiorari denied 349 U.S. 952, 75 S.Ct. 880. Thus the question to be determined is whether the transcripts of depositions and the transcript of the trial proceedings were "necessarily obtained for use in the case."

Plaintiff's position is that the ruling in Ryan v. Arabian American Oil Co., D.C. S.D.N.Y.1955, 18 F.R.D. 206, disallowing the cost of obtaining a copy of a deposition taken by the losing party is controlling in this case. In the Ryan case the deposition was filed with the Court several days after it had been transcribed, and was available before trial to the party who bought a copy. Under these circumstances Judge Bondy ruled that the prevailing party in the Ryan case "obtained a copy of the deposition for his own convenience and not because it was necessary for use in the case." See Ryan v. Arabian American Oil Co., supra, 18 F.R.D. 206. That this was the reasoning upon which the ruling in the Ryan case was based is indicated by the decisions on which Judge Bondy relied, Perlman v. Feldmann, supra; and Burnham Chemical Co. v. Borax Consolidated, Ltd., D.C.N.D.Cal.1947, 7 F. R.D. 341, 343. The judges who decided the latter cases said that they would disallow the cost of obtaining a copy of a deposition if the deposition had been filed with the Court and was available for inspection by the parties. See 116 F.Supp. at page 110; 7 F.R.D. at page 343.

■ In the instant case the depositions were not filed with the Court until the day of the trial. Therefore, defendant could not use them to prepare his case unless he bought copies or asked the plaintiff to allow him to use the plaintiff's copies. Since the latter alternative is not a practical one, the only course open to defendant was to purchase copies of the depositions from the reporter. Defendant did so, and I believe that the copies of the depositions so ob-

tained were "necessarily obtained for use in the case" within the meaning of 28 U.S.C. § 1920(2) (1952 ed.). I therefore overrule the Clerk's disallowance of the cost of obtaining these copies.

■ Whether the expense of procuring a transcript of the trial proceedings is allowable also depends on whether it was "necessarily obtained for use in the case." The expense of obtaining a transcript of the trial proceedings was allowed as costs in Perlman v. Feldmann, supra, but I believe that there are important distinctions between that case and this one. In the Perlman case Judge Hincks pointed out that the case was a "complicated" one, that the trial "consumed seven days distributed over several weeks", and that the transcript "was downright indispensable to [him] in the long hours spent after trial in the formulation of [his] findings and opinion,— a task which necessarily had to be deferred until the final briefs were in and other immediate pressures permitted" because his "memory of the testimony, at best inadequate to retain the mass of information adduced, had naturally faded. * * *" 116 F.Supp. at page 106.

■ The instant case was an action by an attorney to recover a fee allegedly due him. It was not a complicated case and I was able to render a decision from the bench after both parties had rested. The transcript of the record which defendant ordered without any request on my part, while helpful, was not necessary for the discharge of my duties in deciding the case. Defendant states that the minutes assisted him in cross-examining the plaintiff about matters with reference to which plaintiff testified earlier in the trial. But I do not believe that minutes which are valuable for purposes of cross-examination, especially in a simple case such as this one, and especially where the cross-examining party has exercised his privilege to question the plaintiff on deposition and has the deposition available at the trial, can be considered "necessarily obtained for use in the case * * *." Counsel can,

**482**

and often do, rely on their own notes to aid them in the examination of witnesses. Under the circumstances of this case I believe that the party who ordered the minutes must be considered as having done so for his own convenience rather than "necessarily" as that term is used in 28 U.S.C. § 1920(2) (1952 ed.). The Clerk's ruling disallowing the cost of obtaining the minutes of the trial proceedings is sustained.

In addition to defendant's objections, plaintiff objects to rulings of the Clerk allowing as costs defendant's expenses in securing plaintiff's deposition and photostats and copies of papers obtained for use at the trial. Plaintiff's objections are overruled and the Clerk's rulings on these items are sustained.

The Clerk should proceed to retax costs in accordance with this opinion.