**Victor D. LINDEMAN, Francis Bonner, Katherine Robinson Brainard as Executrix of the Estate of Millar Brainard, Deceased, and Lincoln Epworth, Plaintiffs,**

**v.**

**TEXTRON, Incorporated, Defendant.**

United States District Court
S. D. New York.
July 21, 1955.

deposition was not on file, it could not make use of it. The Clerk's ruling on this item is sustained.

The Clerk should proceed to retax costs in accordance with this memorandum.

Day, Epworth, Plaskow & Lawrence, New York City, for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

PALMIERI, District Judge.

Defendant appeals from rulings of the Clerk of the Court disallowing items of its bill of costs.

■ The Clerk disallowed attorneys' docket fees of $2.50 each for four depositions on the theory that they were not admitted in evidence under 28 U.S.C. § 1923(a). Excerpts from all of these depositions were admitted into evidence at the trial. That is sufficient to meet the requirement in section 1923(a) that the deposition be admitted in evidence. See Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 1943, 139 F.2d 571. These costs are therefore allowed.

■ The Clerk also disallowed the expense incurred by defendant in obtaining a copy of a deposition taken by plaintiffs. Defendant relies on Cooke v. Universal Pictures Co., D.C.S.D.N.Y., 135 F.Supp. 480, Palmieri, J. In the Cooke case the expense of obtaining copies of depositions taken by the losing party was allowed because the depositions were not filed with the Court until the day of the trial, and therefore defendant could not use them to prepare his case unless he bought copies for himself. But this case differs from the Cooke case. In this case defendant waived the filing of the deposition taken by the plaintiffs. Having done so, it cannot now complain that since the