Pearl H. KOWALEWSKI, widow of Anthony Kowalewski, deceased, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania, Defendant.

Civ. A. No. 1764.

United States District Court
D. Delaware.

Nov. 14, 1957.

See also, 147 F.Supp. 429.

Clement C. Wood, of Allmond & Wood, Wilmington, Del., for plaintiff.

James L. Latchum, of Berl, Potter & Anderson, Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an appeal by the defendant from the taxation of costs by the Clerk of the Court by which there was disallowed an item of $227.70. This item represented the cost of the transcript of the stenographic report of the trial ordered by the defendant and furnished by the court reporter.

The matter of allowance of costs, with special reference to the allowance of stenographic notes of the trial, is somewhat confusing. Some features concerning the allowance of costs was considered by this Court in Brown v. Consolidated Fisheries Co., 18 F.R.D. 433. The allowance of costs, under ordinary circumstances, to the prevailing party, with the fixation thereof by the Clerk and with an appeal therefrom to the Court, is provided by Rule 54(d). Fed.Rules Civ. Proc. 28 U.S.C.

The present determination of what costs may be taxed stems from the Act of June 25, 1948 (28 U.S.C. § 1920). That Act provides that a judge or the clerk of the court may tax

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

In Todd Atlantic Shipyard Corp. v. The Southport, D.C., 100 F.Supp. 763, 764, it is said that the foregoing statute "is not materially different from the old statutes governing the taxation of costs." With due deference, I think there was a material difference created by the Act of 1948 as contrasted with the former statute with reference to the allowance of the

costs of stenographic transcripts in civil actions of a legal as distinguished from an equitable nature. Upon this distinction many of the older cases may be better understood.

For a long period of time all questions of costs, both of the allowance and itemization, had been different in equitable actions and actions at law. We are told [1] that emanating from an early statute of 17 Richard II (1394) the allowance of costs in Equity had been inherent and discretionary. Equity rules have been framed upon the subject and Equity Rule 50 in 1912 expressly authorized the appointment by the court of a stenographer to take testimony which was to be taxed "ultimately as costs". This Equity rule did not authorize the taxation of a stenographer's fee in an action at law.[2]

The "old statute governing the taxation of costs" as mentioned in the Todd case (supra) seems to have had its origin in 1853 and is set out in the footnote.[3] The older statute and Equity Rule 50 were discussed in Stallo v. Wagner, 245 F. 636, and it was directly held that a stenographer's notes of a trial were not allowable under the statute.

 The substance of Equity Rule 50 was embodied in the Rules of Civil Procedure 80(a) and (b).[4] By these Rules (which had the force of law) the court could appoint a stenographer, have him take the testimony and, in the discretion of the court, tax the cost of the stenographic notes as costs in the case.[5]

Notwithstanding the adoption of Rules 80(a) and 80(b), (having the force of law) the Supreme Court in 1942 in Miller v. United States, 317 U.S. 192, 197, 63 S.Ct. 187, 190, 87 L.Ed. 179, said "there

is no law * * * providing for payment for the services of a stenographer in reporting judicial proceedings." The Court drew attention to the pending legislation providing for court reporters.

By Act of January 20, 1944,[6] the appointment of court reporters was, inter alia, provided for and Rules of Civil Procedure 80(a) and (b), covering substantially the same subject, were abrogated December 27, 1946. The Act of January 20, 1944 was subsequently codified in 62 Stat. 921 and became 28 U.S.C. § 753.

Under the provisions of 28 U.S.C. § 753 the reporter is required to take notes of all proceedings in open court unless the judge shall otherwise direct. Transcription of the notes is not necessarily made. The statute provides

"upon the request of any party to any proceeding which has been so recorded who has agreed to pay the fee therefor, or of a judge of the court, the reporter shall promptly transcribe the original records of the requested parts of the proceedings * * * ."

The statute also provides

"The reporter shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made" and " * * * the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge."

The present matter was a negligence diversity case tried to the Court and as to which findings of fact and conclusions of law would be required. At the conclusion of the case which consumed three

1. Stallo v. Wagner, 2 Cir., 245 F. 636, 638.

2. Straus v. Victor Talking Machine, 2 Cir., 297 F. 791, 807.

3. "The bill of fees of the clerk, marshal, and attorneys, and the amount paid printers, and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trial in

cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by the judge or clerk of the court * * * ."
10 Stat. 168; 28 U.S.Code, 1940 § 830.

4. 7 Moore's Fed.Pr. (2nd Ed.) p. 4302.

5. See Republic Machine Tool Corp. v. Federal Cartridge Corp., D.C., 5 F.R.D. 388.

6. 58 Stat. 5.

days, counsel were informed that proposed and desired findings and conclusions should be submitted to the Court. Counsel for defendant informed the Court that a copy of the testimony as taken by the reporter had been already ordered by him, and the time for the filing of the proposed findings and conclusions was fixed at a specified time after the receipt of the transcription of the evidence. Counsel for plaintiff indicated an inability to order a copy of the record and suggested that he might be permitted to use a copy furnished to the Court. Before this matter was determined, counsel for plaintiff made his own arrangements for a copy of the transcript.

The question then remains whether the cost of the transcription of the record, as antecedently ordered by the defendant, is to be included in the costs in view of the language of the statute as "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

In a case tried to the Court, without a jury, findings of fact and conclusions of law are required. In this Court it is almost the invariable custom to require counsel for both parties to file the desired and suggested findings and conclusions. This is partly to insure that no findings are omitted which may be deemed material or necessary by the prevailing party.

Of course, it is convenient and desirable, in the submitted findings, to have explicit reference to the portion of the record sustaining such findings but this is not essential.

■■ Reference is made to the case of Manley v. Canterbury Corporation, D. C., 17 F.R.D. 234, where the cost of the transcript was allowed. The allowance of the cost of transcript depends largely on the facts of the particular case and especially its complexity. In the Manley case all of the circumstances occurred in Europe and the case was long, complicated and confusing. The active counsel for the defendant resided in France and it was considered necessary that the parties obtain the transcript in order to present proper findings and conclusions. The present case, while consuming some three days, was neither complicated nor confusing and requested findings could have been submitted without a copy of the record. I do not think, in this case, that the cost of the transcript is allowable. To so hold would be tantamount to holding that in practically every case tried to the Court, where findings and conclusions were to be submitted by counsel, the cost of the transcript would be allowed as costs.

An appropriate order may be submitted.