**Nat PENNER et al.**

v.

**BALFE PRINTING CORPORATION
et al.**

**Civ. A. No. 56-265-A.**

United States District Court
D. Massachusetts.

Jan. 2, 1958.

Jacob S. Aronson, Philip Barsh, Boston, Mass., for plaintiff.

Francis M. Qua, Alan M. Qua, Lowell, Mass., for defendant Union Nat. Bank.

ALDRICH, District Judge.

This is a proceeding brought by the defendant pursuant to Fed.Rules Civ. Proc. rule 54(d), 28 U.S.C.A., following a summary judgment in its favor, to review the action of the Clerk in disallowing, as an item of costs, "Costs incident to taking of depositions—$205"; in fact a charge incurred by defendant for copies of depositions taken by plaintiff of defendant's employees and others. The defendant states that obtaining copies of these depositions was "necessary" because after the direct examination of each witness the cross-examination was postponed until the direct had been transcribed, to be used 'for the purpose of cross-examination. If plaintiff had not assented to this procedure, as he need not have, there could be no contention that the depositions were "needed" for such purpose. Nor does this explain why defendant needed copies of the cross-examination.

■ The second argument advanced by defendant was that plaintiff did not file the originals of the depositions until some months had passed. This is a matter of no moment, since it appears that defendant made no prior request that they be filed. Cf. Perlman v. Feldmann, D.C.D.Conn., 116 F.Supp. 102.

■ The cases are uniform that the cost of copies of depositions which have been filed in court is not taxable. Curacao Trading Co. v. Federal Ins. Co., D.C.S.D.N.Y., 3 F.R.D. 261; Burnham Chemical Co. v. Borax Consolidated, Ltd., D.C.N.D.Cal., 7 F.R.D. 341; Hope Basket Co. v. Product Advancement Corp., D.C.W.D.Mich., 104 F.Supp. 444. I have compiled these authorities in the hope that it may mark the end of requests for review on this point. See Hansen v. Bradley, D.C.D.Md., 114 F.Supp. 382, 387.

Clerk's determination as to costs to stand.