Goldie B. PRASHKER, Executrix of the Estate of Nathan Prashker, Deceased, and Choice Embroidery & Laces, Inc., Plaintiffs,

v.

BEECH AIRCRAFT CORPORATION and Atlantic Aviation Corporation, Defendants.

Civ. A. No. 1648.

United States District Court
D. Delaware.

June 22, 1959.

See also 24 F.R.D. 315.

Harold Leshem, Wilmington, Del., and Lee S. Kreindler and Milton G. Sincoff, New York City, for plaintiffs, opposing allowance of costs.

E. N. Carpenter, II, Louis J. Finger and William E. Wiggin (Richards, Layton & Finger), Wilmington, Del., for defendant, Beech Aircraft Corporation, seeking review of Clerk's order and allowance of costs.

RODNEY, District Judge.

This is a review from the allowance of costs by the Clerk of the Court. The action in which the costs were incurred sought damages for the death of an airplane pilot and was based on negligence

and breach of warranty in the construction and sale of the airplane. A verdict for the defendant was entered by the District Court at the conclusion of the plaintiff's case and affirmed by the Court of Appeals for the Third Circuit, 258 F.2d 602. Certiorari was denied by the Supreme Court, 358 U.S. 910, 79 S.Ct. 236, 3 L.Ed.2d 230.

Beech Aircraft Corporation, one of the defendants, filed a bill of costs aggregating $31,622.74. Costs to the amount of $2,342.90 were allowed by the Clerk. This appeal concerns the costs not so allowed. The fact that the amount of claimed costs is so large and the items of so general application may be some justification for the length of this discussion.

The costs as claimed were listed as eight items as follows:

**1.**

Costs in the Court of Appeals of $1,502.15 which were allowed in full.

**2.**

Witness fees in the amount of $728 were originally asked and subsequently reduced to $724. This amount was allowed by the Clerk.

**3.**

The prevailing party asked allowance for docket fees of $45, being the Attorney's fee of $20 and allowance for ten depositions at $2.50 each. The attorney's fee of $20 was allowed, as were docket fees for three depositions which were admitted in evidence. The docket fees for seven depositions not admitted in evidence were not allowed. It will be observed that this subdivision does not concern the general costs accrued in the taking of depositions but only the docket fees specifically provided by the statute. It may be observed that the fees for depositions introduced in evidence are, in essence, simply docket fees for counsel in connection with the depositions.

Taxation of docket fees is governed by the Statute 28 U.S.C. § 1923 which provides only for depositions "admitted in evidence". The seven depositions, the taxation of which is urged, must be subdivided.

As to five of them the deponents were present at the trial and testified. These five depositions were not admitted into evidence and could have been utilized for only a limited purpose and no clear use of them has been presented. Two of the deponents were not present at the trial, did not testify and as stated the depositions were not admitted into evidence. The defendants seeking taxation states that portions of the depositions were used in evidence. No sufficient support of this is found either in the application to the Clerk or on this appeal. It is obvious I am not passing on depositions where portions were expressly utilized in evidence as held in Perlman v. Feldmann, D.C., 116 F.Supp. 102 or Lindeman v. Textron, Inc., D.C., 136 F.Supp. 157. The action of the Clerk is sustained.

**4.**

The defendant has requested the taxation of $589.61 as the cost to the defendant of obtaining copies of depositions and, where the depositions had been noticed by the defendant, certain expenses connected therewith. Taxation of costs is sought concerning thirteen depositions and it is necessary to consider the depositions by groups because of certain differences between the groups.

Group (a) includes ten depositions. All were noticed by the plaintiff and were regularly returned to the Court. The expenses of all ten depositions had been paid by the plaintiff. The defendant claims the cost of copies obtained by it. Rule 30(f), F.R.Civ.P., 28 U.S.C., provides for the taking, certification and return of the deposition to the Court. Provision is made for the obtaining of a copy by any party to the action. Since express provision is made for the filing of the original and its availability to the defendant being clear, as in this case, the obtaining of a copy is not of a matter "necessarily obtained for use in the case"

but is a copy obtained for the convenience of counsel in connection with the litigation and is not allowable as costs.[1]

I think since all the costs of these five depositions have been paid by the plaintiff and the depositions returned into Court, the Clerk was clearly right in denying to the defendant the cost of copies of the depositions.

◼ Group (b) consists of two depositions noticed by the defendant and the costs of which were paid by the defendant. The depositions were duly returned. Both witnesses were present at the trial and were called as witnesses by the plaintiff. The depositions were not admitted into evidence and the Clerk disallowed the costs. The depositions were properly taken by the defendant and at its cost and the deponents themselves were not subject to the control of the defendant. The defendant's case was not presented because of the termination of the trial at the conclusion of the plaintiff's case. The witnesses were called but not by the party at whose instance the depositions were had. I do not think the mere fact that the plaintiff called the two deponents as witnesses and thereby affected the evidential value of the depositions should deprive the successful defendant at the trial of the right of taxation of costs of the depositions already incurred. This is in accord with the ruling before the Rules of Civil Procedure. Then in an action at law depositions de bene esse could only be taken when certain limited conditions existed including a witness absent more than 100 miles.[2] In Hunter v. International Railway Imp. Co., C.C., 28 F. 842, depositions of witnesses were taken who were absent more than 100 miles. The attendance of the witnesses at the trial was procured by the opposing party and the deposition being de bene esse and con-

ditional could not be introduced in evidence. Taxation of the costs of the deposition was allowed.

The cost of the two depositions was $123.24 and I think should be allowed.

◼ Group (c) consists of one deposition noticed by the defendant and the cost of which was paid by the defendant. The deponent was a witness for the defendant. As heretofore indicated the defendant's case was not presented at the trial owing to the disposition of the matter after the conclusion of the plaintiff's case. It has been held that where a deposition has been taken of a favorable witness and the deponent is available at the trial, the cost of the deposition will not be allowed.[3] That the deponent in the present deposition, Ivan McCafferty, was an important witness and available at the trial is shown by his continued presence during the introduction of the plaintiff's case and is intensified by the application by the defendant for witness fees for the deponent and the allowance thereof by the Clerk. In the exercise of the discretion in the allowance of costs vested in the Court, I think the cost of this deposition should not be allowed.

### 5.

The defendant seeks to have taxed as costs the expense of obtaining a daily copy of the transcript of the evidence taken at the trial and amounting to $1,662. The case was tried to a jury and consumed many days. It terminated with binding instructions and verdict for the defendant upon the completion of the plaintiff's testimony. The taxation of costs and the list of items ordinarily to be included was provided by 28 U.S.C. § 1920 and the particular subject now under discussion is found in subsection (2) as follows:

---

1. Penner v. Balfe Printing Corp., D.C., 21 F.R.D. 299; Ryan v. Arabian American Oil Co., D.C., 18 F.R.D. 206; Firtag v. Gendleman, D.C., 152 F.Supp. 226.

2. Simpkins "Federal Suit at Law", page 90; 4 Jones on Evidence (Ed.1914), Section 37.

3. Jerome v. Twentieth Century-Fox Film Corp., D.C., 71 F.Supp. 916.

"A judge or clerk of any court of the United States may tax as costs the following:

" * * * (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case".

■ The taxation of costs has uniformly been held to be generally within the sound legal discretion of the Court [4] and the development of the present statute may not be without interest and importance.

Stemming from the Act of February 26, 1853,[5] in force without alteration until 1944, the taxation of costs has undergone some changes. Under the Act last cited there was no mention of the taxation of stenographic notes but provision was made for "exemplifications and copies of papers necessarily obtained for use on trials." Under this Act the taxation of costs for stenographic notes obtained by counsel was denied by Chief Justice Fuller in The William Branfoot, 4 Cir., 52 F. 390. In Stallo v. Wagner, 2 Cir., 245 F. 636, 640, it was held that stenographic minutes of a trial were not "copies of papers necessarily obtained for use on trial". This was an equity case.

In 1944 a Court Reporter's Act was passed [6] which provided by paragraph (e) "in the discretion of the court any part or all of the fees for transcripts may be taxed as costs in the case."

In 1948 two Acts were passed by Congress on the same day (June 25) and both are directly here material. One was a new Reporter's Act,[7] and the other concerned taxation of costs by the Statute now considered.[8]

The new Reporter's Act provided for salaried reporters and provided that a transcript of any proceeding might be ordered by the Court and that whenever any transcript was furnished to a party by the reporter, a copy thereof should be filed, without charge, with the Clerk "for the records of the court". The disinclination of the Court to order an extensive copy for its own use where the parties had not ordered a copy and the reasons therefor are set out by Judge Hincks in Perlman v. Feldmann, D.C., 116 F.Supp. 102, 106. The fact remains, however, that the Court may order a copy for its own use and if a copy is ordered by a party, the Court receives a copy as filed and without charge.

The other Act of June 25, 1948 is the Act under consideration (28 U.S.C. § 1920(2)) which permits the taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." This Act is clearly more restrictive than its predecessor. In the former Act the necessity, as opposed to convenience, was not spelled out and the direct use of the transcript in the case was not expressly required. The same language was used in the new Act as to transcripts, viz., that they be "necessarily obtained for use" in the case as since 1853 had applied to exemplifications and copies of papers.

As applied to exemplifications and copies of papers, the word "necessarily" was limited to mean such exemplifications as were "essential" to the cause.[9] The transcript as "necessarily obtained for use in the case" has been variously considered as "necessary to a decision in the case",[10] having to do with the "determination" of the case or concerned with the "final result" of the case.[11]

---

4. Bankers Securities Corp. v. Ritz Carlton, etc., Co., 3 Cir., 99 F.2d 51.

5. 10 Stat. 168, 28 U.S.C. § 830 (Ed. of 1940).

6. 58 Stat. 5, 28 U.S.C. 1940 Ed. Supp. 9a.

7. 28 U.S.C. § 753, 62 Stat. 921.

8. 28 U.S.C. § 1920, 62 Stat. 955.

9. Motion Picture Patents Co. v. Universal Film Mfg. Co., D.C., 232 F. 263, 265.

10. Department of Highways v. McWilliams Dredging Co., D.C., 10 F.R.D. 107, 109.

11. Marshall v. Southern Pacific Co., D.C., 14 F.R.D. 228.

■ I am of the opinion that the term "use in the case" means having a direct relationship to the determination and result of the trial and not copies obtained for the convenience of counsel or to assist counsel in the presentation of the case. In Weiss v. Smith, D.C., 103 F.Supp. 736, the Court considered the matter as if the Statute read "for the use of a party". This, I think, was neither the language nor the purpose of the Statute. See also Marshall v. Southern Pacific Co., D.C., 14 F.R.D. 228, 230.

■ Any determination of the allowance of the costs of a trial transcript must include a consideration of (a) whether the case is tried to the court or to a jury for the nature and value of the transcript would in the two cases be entirely different. It must also include (b) whether the trial transcript was the usual transcript following the termination of the case as distinguished from the much more expensive "daily copy".

When a case is tried without a jury the Court is required by Rule 52, F.R.Civ.P. to make explicit findings of fact and conclusions of law. This would be most difficult in a lengthy case without a transcript and the longer the case the greater the need. In this District the uniform practice is that after the trial, counsel submit to the Court the findings of fact for which they contend and usually with reference to the pages of the record sustaining such contentions.

So in Manley v. Canterbury Corp., D.C., 17 F.R.D. 234, the cost of a transcript was allowed. There, the case was long, complicated and confusing. The active counsel for the defendant resided in France and without a transcript neither counsel nor the Court could properly prepare the findings of fact. In Kowalewski v. Pennsylvania Railroad Co., D.C., 21 F.R.D. 244, also tried to the Court, the facts upon which the case terminated were considered as neither complicated nor confusing and the cost of the transcript was not allowed. See also Cooke v. Universal Pictures Co., D.C., 135 F.Supp. 480.

When a case is tried to a jury the situation is quite different both as to the nature of the transcript and its necessity. It is obvious that in such case a transcript obtained some time after the trial had finished could be of no use to anyone in the trial of the case itself.

A daily copy of the transcript, however, is of no value to the jury which does not see it. The findings of the jury are made with reference to the oral or documentary evidence as the jury received it but not as to the transcript itself. The daily copy may be and often is of convenience to the Court but that does not necessarily imply a necessity within the meaning of the statute. Its convenience may be indicated as insuring uniformity of rulings by the court in the admission of evidence but that seems an insufficient reason to justify the entire transcript. Another convenience might mean its value in the preparation of the charge to the jury. In this District charges are uniformly prepared after written prayers by the parties and argument thereon. In a protracted and important jury case, counsel very often obtained daily copy of the evidence, not entirely for use in the case but also for consideration in any subsequent proceedings. In such cases the Reporter's Act provides a copy for the Court without charge.

■ I am convinced that to be allowed as costs the transcript must have been ordered by the Court.[12] This is recognized in the only jury case called to my attention where the cost of the daily copy was allowed, for the Court made its order expressly as a nunc pro tunc order operating as preliminary to the trial.[13]

In the present case the Court did not order the daily copy of the transcript while its presence may have been a con-

---

12. Firtag v. Gendleman, D.C., 152 F.Supp. 226.

13. Anderson v. General Motors Corp., D.C., 161 F.Supp. 668.

venience. No independent recollection is had by me as to the extent or necessity of its use. When difficult questions of law arose the Court did order the transcript of the argument and such costs were allowed by the Clerk and are not here at issue. The great bulk of the 1613 pages of the transcript was of no service whatever to the Court and the importance would have been confined to a very few pages. I do not say that a transcript may not be ordered by the Court in a jury case but I do think without such authorization, counsel for his own purposes may not incur a large expenditure and tax such costs upon his opponent. The action of the Clerk is approved.

### 6.

Request No. 6 consisted of two items, '(1) transcript of an argument during the trial, and (2) the transcript of a pretrial conference. The Clerk allowed the first as clearly ordered by the Court and such allowance is not here in issue. The Clerk disallowed the transcription of the pretrial conference amounting to $21.20.

Ordinarily, the ruling of the Clerk in this instance would have been correct.

█ In this District transcripts of the pretrial conferences are not ordinarily allowable as costs. This case, however, was a very exceptional one. The pretrial conference developed many questions of law, the primary determination of which promised to greatly shorten the trial. The transcript was some 150 pages and the briefs (over 200 pages) were filed and a memorandum letter opinion of 16 pages giving the tentative views of the Court was directly made to counsel. The Court could not properly have done this without a transcript of the exact contentions of the parties. Adhering to the general ruling as adopted by the Clerk that transcripts of pretrial conferences should not be taxed as costs, yet in this case, as an exceptional one, such costs of $21.20 should, I think, be allowed.

The defendant seeks the allowance of some $26,518.51 costs in several categories which were disallowed by the Clerk. With the order somewhat changed by me, these categories included:

1. Expense in preparing models of airplanes or parts — $11,340.63
2. Wall charts of structural design — 1,137.49
3. Certain structural reports and analyses — 13,779.89
4. Record of radio conversation with playback expense and copies of certain papers or records held to be unnecessary or undisputed — 260.50

█ The plaintiff objects to the allowance of these items upon several grounds but one objection is common to all, viz., that they are not costs which are included within the terms of the statute. I am of the opinion that the costs should not be allowed but the disallowance should not be based upon the general ground last stated. I am of the opinion that the items of costs as set out in the statute do not necessarily embrace all the

costs that may under certain circumstances be allowed.

Originally and before 1853, there being no federal provision as to the items of costs, the usage of the federal courts was to follow the rule as established by the respective state courts. Prior to the Rules of Civil Procedure, the discretionary power of the courts as to costs was more precisely and effectively set out in equity cases than in suits at law. So in

equity cases, and especially patent cases, the instances are numerous where costs not mentioned in the statute have been allowed.[14] Even in civil cases at law costs not embraced within the statute have been allowed when the services were rendered pursuant to some order of the court.[15]

■ The Rules of Civil Procedure being applicable to all civil actions, it is generally held that there is now no distinction between equitable or legal considerations as to the discretion of the court as to costs.[16]

Indeed, it has been held that the discretionary power of the courts as to costs under Rule 54(d) changed the pre-existing rule that at law costs in the entirety necessarily followed the judgment as set out in the Peterson case, supra, and allowed the costs to be divided.[17]

In Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (an equity case) the court approved an allowance beyond the regular taxable costs but stated:

"In any event such allowances are appropriate only in exceptional cases and for dominating reasons of justice."

Certain cases have indicated a view that the exceptional circumstances which justify additional allowances not authorized by statute are such as exist in cases of "fraud, oppression, or bad faith, cases of fiduciary relationship or those in which the prevailing party has helped to create the fund upon which the costs are charged." [18]

Since the discretionary power of the court is dependent upon the varying circumstances of each case it seems difficult to limit the exercise of such power to any precise enumeration of instances.

The true rule, as I apprehend it to be, is implicitly found in Ex parte Peterson, 253 U.S. 300, 315, 40 S.Ct. 543, 548, 64 L.Ed. 919, where it is said:

"Federal trial courts have, sometimes by general rule, sometimes by decision, upon the facts of a particular case, included in the taxable costs expenditures incident to the litigation which were ordered by the court because deemed essential to a proper consideration of the case by the court or the jury."

As otherwise said in the same case,

"The allowance of costs in the federal courts rests, not upon express statutory enactment by Congress, but upon usage long continued and confirmed by implication from provisions in many statutes."

■ I am of the opinion that the Statute (28 U.S.C. § 1920) furnishes the prima facie list of what costs may or should be allowed and that other costs are allowable "only in exceptional cases and for dominating reasons of justice". [307 U.S. 161, 59 S.Ct. 780.] I think, however, that just as the Court has a discretionary control limiting the application and extent of the costs mentioned in the statute, so the Court has a discretionary power to allow items of costs not mentioned in the statute where such additional costs have been ordered or approved by the Court as entirely essential to the

14. Barber-Coleman Co. v. Withnell, D.C., 28 F.2d 543; Gotz v. Universal Products Co., D.C., 3 F.R.D. 153.

15. Ex parte Peterson, 253 U.S. 300, 316, 40 S.Ct. 543, 64 L.Ed. 919.

16. Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 139 F.2d 571, note 1; 10 Cyc. of Federal Procedure, page 344.

17. United States for Use of Wadeford Electric Co. v. E. J. Biggs Construction Co., 7 Cir., 116 F.2d 768, 775; Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 284, 66 S.Ct. 1105, 90 L. Ed. 1230.

18. Swan Carburetor Co. v. Chrysler Corp., 6 Cir., 149 F.2d 476, 478; Specialty Equipment and Machinery Corp. v. Zell Motor Car Co., 4 Cir., 193 F.2d 515, 521.

proper consideration and determination of the case.

I do not propose to lengthen the discussion by a prolonged consideration of the various elements in this category. The smaller items consist of a record of a radio conversation between the pilot of the plane and the warning tower and the playback expenses connected therewith and also certain copies of papers obtained by the defendant. It is not found that these were necessarily obtained for use in the case. The radio conversation is stated to have been entirely included in the Civil Aeronautics Administration Incident Report which by stipulation was admissible at trial and the copies of the papers under discussion had either been furnished or shown to the defendant.

■ The great bulk of the claimed costs in this category and aggregating $24,876.26 concerns the preparation of models, wall charts and structural reports and analyses. The defendant contends that these would have been necessary to make the matter clear to the jury. This the plaintiff denies. Models and wall charts have generally been held not taxable as costs as being essentially explanatory and merely as aids to the argument of counsel and explanatory of the testimony of the witnesses, expert or otherwise.[19]

A few cases have held such costs taxable.[20]

It is, however, hardly necessary to seek authority beyond this Court. In Gotz v. Universal Products Co., D.C., 3 F.R.D.

153, this Court, by Judge Leahy, held that the cost of charts, unless ordered by the Court, were not assessable as costs. Chief Judge Biggs, of the Court of Appeals for the Third Circuit, sitting as a District Judge, expressly adopted this ruling as to models.[21]

In addition to the cost of models and wall charts, the defendant seeks recovery of $13,779.89 for structural reports and analyses obtained by the defendant in connection with the trial. These costs were not allowed and I think the Clerk was correct. Not only are they not embraced within the Statute nor ordered or authorized by the Court, but they seem largely the work of experts whose increased fees as expert witnesses would not be allowable as such experts.

### 8.

The defendant by a supplementary bill of costs seeks to recoup its expenses incurred in opposition to a writ of certiorari in the Supreme Court of the United States. The defendant prevailed in this District Court and in the Court of Appeals.[22]

The plaintiff sought certiorari from the Supreme Court and the defendant in opposition thereto incurred an expense of $520.67 in printing its answer to the petition, which it now seeks to have taxed as costs in this case. The certiorari was denied on December 8, 1958.[23]

Rules 19–27 of the Revised Rules of the Supreme Court effective July 1, 1954, 28 U.S.C. govern proceedings in that Court by certiorari. Rule 21(7) provides

19. Specialty Equipment and Machinery Corp. v. Zell Motor Car Co., 4 Cir., 193 F.2d 515; Swan Carburetor Co. v. Chrysler Corp., 6 Cir., 149 F.2d 476; Eickhoff v. Vulcan Iron Works, D.C., 2 F.R.D. 490; Goodrich v. Ford Motor Co., D.C., 55 F.Supp. 792; Galion Iron Works and Mfg. Co. v. Beckwith Machinery Co., D.C., 25 F.Supp. 591; T. H. Symington & Son v. Symington Co., D.C., 12 F.Supp. 391.

20. Donato v. Parker Pen Co., D.C., 7 F.R.D. 148; W. F. and John Barnes Co. v. International Harvester Co., 7

Cir., 145 F.2d 915. This latter case was interpreted by Specialty Equipment and Machinery Corp. v. Zell Motor Car Co., 193 F.2d 515, 521, as holding no more than that a court of equity has power to allow such disbursements in a proper case.

21. British Acoustic Films, Limited v. Electrical Research Products Inc., D.C.Del., No. 1240 in Equity (unreported).

22. 258 F.2d 602.

23. 358 U.S. 910, 79 S.Ct. 236, 3 L.Ed.2d 230.

314

that the Court prior to ruling on the petition for certiorari may require that all or a portion of the record be printed. If the petition for certiorari be denied, this cost of printing the record is taxed against the petitioner unless otherwise ordered. If the petition for certiorari be granted, the cost of printing the record abides the outcome of the case. No mention is made as to the cost of printing briefs. Rule 57 of the Supreme Court governs costs generally, whether the judgment is approved or reversed. The Rule is entirely silent where the Court has refused to take jurisdiction and has denied certiorari. It does state generally in Subsection 3 that the cost of printing briefs is not a taxable item. Whether that provision merely governs costs where the Court has taken jurisdiction or whether it is also applicable where the Court has refused to take jurisdiction and dismissed the certiorari may be debatable. It seems reasonably clear, however, if the Supreme Court will not tax the costs of printing a brief when jurisdiction is complete in that Court, then a fortiori that Court will not allow taxation of costs in that Court where jurisdiction is not assumed and certiorari is denied.

The mandate from the Court of Appeals to this District Court was dated December 22, 1958. It included costs in that Court which have been duly allowed. No attempt was made, so far as appears, to have the costs incurred in opposition to the certiorari taxed in the Court of Appeals when the case was returned there from the Supreme Court.

■■■ I am of the opinion that this Court should tax only the costs incurred here; that to such sum is added the costs incurred on appeal as instructed by such Appellate Court, but that this Court has no authority to tax any costs incurred when this Court is exercising no jurisdiction except such costs as may be authorized by the Court then having such jurisdiction.

I am aware of the case of Nash v. Raun, D.C., 67 F.Supp. 212, where the cost of an answer to a petition for certiorari to the Supreme Court was allowed in a District Court. No discussion was had concerning the matter nor any authority cited. In that conclusion I do not agree and the action of the Clerk of this Court in refusing to tax such item is approved.

■■■ In view of the amount of the costs involved in this case one final word may be added. It is almost universally held that where the costs are not embraced within the Statute, such costs should have been ordered or approved by the Court. In Brookside Theatre Corp. v. Twentieth Century-Fox Film Corp., D.C., 11 F.R.D. 259, 267, it was held that when large costs are to be incurred the authority to incur such costs should be first obtained from the Court. In this District this view was more elaborated by Judge Leahy in Gotz v. Universal Products Co., supra, as follows:

"I do not think a party acting on his own initiative should impose a burden of costs upon the unsuccessful party by preparing expensive illustrations and exhibits without first consulting with the court. These are matters which should properly be determined in pre-trial conference under Rule 16 of the [Federal] Rules of Civil Procedure." [3 F.R.D. 156.]

This language was quoted and approved by Chief Justice Parker in Specialty Equipment and Machinery Corp. v. Zell Motor Car Co.[24]

To the costs as allowed by the Clerk there should be added the amount of $123.24, the costs of two depositions mentioned in category No. 4 herein. There should also be added the sum of $21.20 as discussed in category No. 6. With these additions aggregating $144.44 the costs as allowed by the Clerk are approved.

24. 193 F.2d 515, 521.