Samuel **FREEDMAN** et al.

v.

**PHILADELPHIA TERMINALS AUC-
TION COMPANY.**

**Civ. A. No. 19847.**

United States District Court
E. D. Pennsylvania.

July 11, 1961.

See also 197 F.Supp. 849.

Frank H. Gelman, Walter Stein, Philadelphia, Pa., for plaintiffs.

Sidney L. Wickenhaver, T. Ewing Montgomery, Philadelphia, Pa., for defendant.

VAN DUSEN, Justice.

In this treble damage suit brought under the Robinson-Patman Act, 15 U.S. C.A. § 13 et seq., by wholesale fruit and produce merchants in their capacity as buyers at defendant's auction, the legal principles to be followed are different in certain instances than those which would normally be applicable in personal injury actions such as Groenveld v. Reading Co. (Civil Action No. 8324, opinion of May 15, 1950) and Prashker v. Beech Aircraft Corporation, D.C.D.Del.1959, 24 F.R.D. 305. In this case, plaintiffs were business men who were claiming substantial sums.

The controlling statute is 28 U.S.C.A. § 1920.

The items will be referred to under the headings used in defendant's Motion

(Document No. 83), which correspond to the headings in Exhibit A to the Bill of Costs filed by defendant (Document No. 78).

## II. *Fees of the Court Reporter*

28 U.S.C.A. § 1920(2) provides:

"A judge or clerk of any court of the United States may tax as costs the following: * * *

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

■ B. & C. The transcripts of the hearings and arguments on January 11 and 18, 1961, will be allowed, as these were essentially pre-trial proceedings made necessary by the failure of plaintiffs to have made timely preparation for the trial.[1] See Bank of America v. Loew's International Corp., D.C.S.D.N.Y. 1958, 163 F.Supp. 924, 931–932. Cf. Delaware Valley Marine Supply Company v. The American Tobacco Company et al., D.C., 199 F.Supp. 560.

■ D. The transcript of the trial will be allowed at the non-daily rate. See Consolidated Fisheries Co. v. Fairbanks Morse & Co., D.C.E.D.Pa.1952, 106 F.Supp. 714; Delaware Valley Marine Supply Company v. The American Tobacco Company et al., D.C., 199 F.Supp. 560. Under normal circumstances, the trial judge would allow this item at the daily rate in a case such as this since he makes use of the daily copy and did so in this case. See Bank of America v. Loew's International Corp., D.C.S.D.N.Y.1958, 163 F.Supp. 924, 926–928; Perlman v. Feldmann, D.C.D.Conn.1953, 116 F.Supp. 102, 105–109; and cases cited at page 5 of defendant's brief, being Document No. 104. However, there were two special factors in this case which have caused the trial judge to disallow the daily rate:

A. The trial did not last a full two weeks, even though it was ex-

pected to last longer than this time, so that it might have been possible to do without the daily transcript.

B. The transcript will not be of controlling weight in the trials of the other plaintiffs in this spurious class action, since defendant refused to agree that the liability verdict as to the plaintiffs whose cases were tried first should control in the cases of the other plaintiffs.

## VI. *Costs of Depositions*

■ These depositions were taken in good faith and within the bounds of the discovery rules. Under such circumstances, they were "necessarily obtained for use in the case" under 28 U.S.C.A. § 1920(2). See Bank of America v. Loew's International Corp., supra, 163 F.Supp. at pages 930–931, and the many authorities there cited.[2] However, the depositions of Collinson, Zeitz, Gorberg, Hyman, Pontari and Robinson should be taxed against, or in favor of, them in the trial of their claims, since defendant refused to agree that the January 1961 trial should have any effect on the claims of these plaintiffs. For this reason, the deposition costs in VI–B–4, 6, 7, 8 and 10 will be disallowed at this time.

## IV–C. *Fees claimed for "Copies of Papers Necessarily Obtained for Use in Case" 28 U.S.C.A. § 1920 (4)*

■ These fees cover charges by a well-qualified firm of certified public accountants for making understandable summaries of (a) financial records and, in the case of C–3, (b) government (Department of Commerce) statistical figures. Charges for the time of well-qualified experts were clearly involved in preparing these exhibits, rather than solely for the time and materials necessary to make the documents physically. For this reason, these costs, without more, do not fall under 28 U.S.C.A. § 1920(4) and they were properly disallow-

---

1. The Clerk was quite correct in not allowing these items, since the essential nature of these hearings is not evident from the scheduled subjects of the hearings.

2. The cost of the depositions under A are allowable. See Hancock v. Albee, D.C. D.Conn.1951, 11 F.R.D. 139, 141.

ed *for* part of the item under sub-paragraph 1. See Prashker v. Beech Aircraft Corporation, D.C.D.Del.1959, 24 F. R.D. 305, 311–313. The cost of preparing PT–9 might well be taxable as a cost if there had not been an agreement between counsel to share equally the cost of its preparation. Since counsel did not put this agreement in writing but announced the equal sharing of costs in open court, the trial judge does not believe he should tax any part of this item as costs. The arrangements under which PT–7A was prepared were made between counsel and no report was made to the court. The accountants for plaintiffs undoubtedly contributed with those for defendant to the formula under which this exhibit was prepared, even though defendant's accountants did the actual work, of analyzing the financial records and preparing the charts. However, the trial could not have proceeded intelligently without this document, which was primarily for the benefit of plaintiffs, and the trial judge would have ordered its preparation if defendant had not undertaken the task of preparing it on the eve of trial in order to aid the court. Under these circumstances, defendant is entitled to have taxed as costs the fair value of the time taken in its preparation insofar as this time was spent by its accountants.[3] See Appliance Investment Co. v. Western Electric Co., 2 Cir., 1932, 61 F.2d 752, 753, 756–757; Prashker v. Beech Aircraft Corporation, supra, 24 F.R.D. at page 313, and cases there cited. However, plaintiffs challenge the reasonableness of this $833. charge stated in the affidavit of June 30, 1961 (Document No. 103).

In view of the generality of this affidavit (for example, the failure to state the *hours* spent in this work or the charge per hour), this matter will be remanded to the Clerk to determine the proper amount of this charge and to revise his taxation of costs (Document No. 80) in accordance with such determination and with the rulings in this Memorandum. The Clerk may find that the filing of a more detailed affidavit by the accountant, in the absence of a contrary affidavit on plaintiffs' behalf, will enable him to decide the matter without a hearing. See Swan Carburetor Co. v. Chrysler Corporation, 6 Cir., 1945, 149 F.2d 476, at pages 476–477.

In the future, it is suggested that, wherever possible, parties secure court approval for expenditures of the type involved in the preparation of PT–7A at the pre-trial conference or argument where the necessity for preparation of such a summary is discussed. See Appliance Investment Co. v. Western Electric Co., 2 Cir., 1932, 61 F.2d 752, 753, 757; Gotz v. Universal Products Co., D.C.D. Del.1943, 3 F.R.D. 153, 156.

---

3. Clearly the value of the services rendered by plaintiff's accountants in arriving at the basic formula cannot be included as an item of costs.