## REPUBLIC MACH. TOOL CORPORATION v. FEDERAL CARTRIDGE CORPORATION.

Civil Action No. 955.

District Court, D. Minnesota, Fourth Division.

June 19, 1946.

Stearns and Stearns, of St. Paul, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

NORDBYE, District Judge.

On April 18, 1946, this Court filed findings of fact and conclusions of law in this case. It awarded plaintiff a specified amount upon its two causes of action and also awarded defendant a specified amount on its counterclaim. When the Clerk taxed costs, he disallowed plaintiff's request for $312.02 as stenographic fees it paid a re-porter for taking discovery depositions before trial and for transcribing those depositions. He also disallowed $191.20 paid for a transcript of a portion of the trial proceedings. Plaintiff now appeals to the Court and moves to retax these costs. Defendant contends that the costs are not taxable.

In Stallo v. Wagner, 2 Cir., 1917, 245 F. 636, 641, the court, citing cases, held that "a party who obtains for his own convenience and use on the trial a copy of the stenographer's minutes is not entitled to have the amount paid the stenographer therefor taxed * * *." See also Hayes v. Surface Combustion Corp., D.C.N.Y., 1937, 25 F.Supp. 515, 516. The decision never has been overruled. and the United States Supreme Court recognized the case's basic principle in Ex parte Peterson, 253 U.S. 300, 316, 40 S.Ct. 543, 64 L.Ed. 919. The rule appears to be sound and to cause a justifiable result.

In the instant case, the transcript was ordered and used by plaintiff's counsel. It was not ordered or requested by the Court. In the final analysis, the transcript was for the convenience and aid of plaintiff's counsel. It was not obtained because it was necessary to the determination of the case. It had nothing to do with the final result of the case. Nor was it necessary to the trial of the case. Although it was given to the Court with the briefs, and was helpful, the Court did not request it nor consider it as having been obtained for its benefit. Plaintiff's counsel obtained it of his own volition and for his own purposes.

Under Rule 80 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court may, in its discretion, refuse to tax such items even when the court directs that the record and transcript be made. Certainly it would also possess at least that amount of discretion when it does *not* direct that the transcript or record be made. Under all the circumstances here, the expenses which plaintiff incurred for transcriptions of the trial proceedings and which were disallowed by the Clerk as costs cannot be retaxed by this Court. Precedent, rule, and reason require

their disallowance. Plaintiff has cited neither reasons nor authority which permit a contrary conclusion. Miller v. United States, 1942, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179, cited by defendant, must be read in the light of the facts of that case and is not helpful here. The quotation relied upon by defendant is, at most, a dictum for this case and must be read in the light of the rest of that decision.

 Plaintiff cites the following cases in support of its contention that the stenographic fees for certain depositions be allowed: Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 1943, 139 F.2d 571; W. F. & John Barnes Co. v. International Harv. Co., 7 Cir., 1945, 145 F.2d 915; Gotz v. Universal Products, D.C., 3 F.R.D. 153, 155; and Schmitt v. Continental-Diamond Fibre Co., D.C., 1 F.R.D. 109. These cases all hold that in certain instances and under some circumstances the stenographic fees connected with the taking of depositions may be taxable as costs. But each of the cases turns on its own facts. None holds that the cost may be taxed as a matter of right. They recognize the court's discretion in the matter. In the instant case, the depositions were not put into evidence. They were used only by plaintiff's counsel, and he is the only one they appear to have aided. They helped him to gain an over-all view of the general facts of the lawsuit. They did not help anyone else solve any of the issues submitted to the Court. In the final analysis, the depositions were things used solely for the benefit of the plaintiff as distinguished from a means used or, so far as the record shows, intended to be used to facilitate the determination of the case. If these fees were taxed, little justification would remain for the Court to refuse to tax all expenses incurred by plaintiff in investigating the case and determining the facts. Although the fact that the depositions were not placed in evidence or used in the case may not be controlling in determining if they may be taxed as costs, Federal Deposit Ins. Corp. v. Fruit Growers Service Co., D.C. Wash., 1941, 2 F.R.D. 131, 132; Curacao Trading Co. v. Federal Ins. Co., 2 Cir., 1943, 137 F.2d 911, the considerations which prompted the courts to allow the deposition costs in the cited cases do not exist here. Under all the circumstances, the costs arising from the depositions in question seem to fall logically and fairly within the same or a similar category as the expenses noted above for transcript of the trial proceedings. In view of all the circumstances, the Clerk appears to have correctly disallowed in this instance the costs which plaintiff asks be retaxed, and by sustaining the Clerk's taxation of costs, the Court's discretion would seem fairly and properly exercised. The Clerk's taxation of costs herein is therefore sustained. It is so ordered.

An exception is allowed to the plaintiff.