### REPUBLIC MACH. TOOL CORPORATION v. FEDERAL CARTRIDGE CORPORATION.

#### No. 13609.

Circuit Court of Appeals, Eighth Circuit.

June 11, 1948.

See aso 5 F.R.D. 388.

Aaron Schwartz, of New York City (Stearns & Stearns, of St. Paul, Minn., and Joseph Nemerov, of New York City, on the brief), for appellant.

Linus J. Hammond, Asst. U. S. Atty. of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH and COLLET, Circuit Judges.

GARDNER, Circuit Judge.

This appeal is from an order directing the clerk of the trial court to satisfy of record a judgment entered therein in favor of appellant and against the appellee. The parties will be referred to as they appeared in the trial court.

Plaintiff brought this action against defendant to recover $129,500.41 as the agreed price for bullet dies manufactured by plaintiff and shipped to defendant in the year 1942. After issue joined the action was tried to the court without a jury and resulted in the entry of a judgment against defendant for $48,984.00, plus interest. The judgment also provided that defendant should, within a reasonable time after the entry of judgment, return to plaintiff the rejected unfinished dies shipped by plaintiff to defendant in pursuance of an oral contract dated September 23, 1942, and should also return finished dies for which defendant had paid plaintiff the sum of $10,000.00. Defendant paid and plaintiff accepted the money awarded by the judgment, and the parties agreed not to appeal therefrom, and no appeal has been taken from the judgment. Following the entry of the judgment defendant delivered to plaintiff the partially fabricated rejected dies and the finished dies which it claimed were the dies directed by the judgment to be delivered to plaintiff, and plaintiff receipted therefor.

Thereafter plaintiff filed a petition alleging that defendant had not complied with the judgment with respect to the return of the rejected partially fabricated dies, and in that petition it alleged that the unfinished dies were appraised at the sum of $28,587.22 and it requested the court to enter judgment against defendant and in favor of plaintiff for that amount. The court on hearing denied this petition and ordered the judgment as entered satisfied of record, and it is from the order so entered that plaintiff prosecutes this appeal.

It was the contention of appellant in the trial court and it renews the contention here that the unfinished dies returned were not the dies directed by the judgment to be returned. There was no contention that they were not of the appraised value as recited in the judgment, nor that they were of less value than the dies which plaintiff claimed were described in the judgment. In the order appealed from the court recites that,

" * * * it is not contended that the dies delivered do not have an appraised value of $34,540.96, according to defendant's original appraisal for stage of completion."

The court then observed that,

"Consequently, plaintiff does not assert that it will sustain any monetary loss if it accepts these dies."

Whether or not the dies as returned were the dies required by the judgment to be returned was a disputed question of fact. In its order the court, after stating that plaintiff was entitled to have returned to it unfinished dies which it had delivered to defendant in pursuance of the oral contract of September 23, 1942, said that the plain-

tiff's contention "that the dies returned by defendant are unfinished dies which had not been delivered to the defendant in pursuance of the oral contract," was not sustained by the evidence. The court then analyzed the testimony and found that "the dies delivered substantially comply with the judgment of the court, and the plaintiff having heretofore accepted the money recovery of $44,-600, the judgment should be completely satisfied."

■ An examination of the record satisfies us that the finding of the court on the only issue of fact submitted was sustained by substantial evidence. By Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided that,

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

■ But quite aside from this conclusion we think the order appealed from should be affirmed on procedural grounds. At the time plaintiff filed its petition final judgment had been entered. Whatever cause of action plaintiff had against defendant had become merged in this judgment. The indebtedness theretofore existing had ceased to exist as such and the judgment debt had taken its place. United States v. Leffler, 11 Pet. 86, 9 L.Ed. 642; Hamer v. New York Rys. Co., 244 U.S. 266, 37 S.Ct. 511, 61 L.Ed. 1125; Olson v. Dahl, 99 Minn. 433, 109 N.W. 1001. When the judgment was entered it became the sole test of the rights of the parties. Leslie v. Bonte, 130 Ill., 498, 22 N.E. 594, 6 L.R.A. 62, 8 L.R.A., N.S., 444, 116 Am.St.Rep. 435, 9 Ann.Cas. 252.

In the instant case there was no attempt to open up the judgment, nor was there any claim of newly discoverd evidence, yet it is observed that appellant in its brief says that, "The failure of the appellee to comply with the judgment made it conclusively appear that appellee had been unjustly credited and appellant unjustly deprived of the sum of $28,587.22 for alleged rejected dies and appellant demanded an additional judgment for that sum." Not having appealed from the judgment nor having asked to set it aside, plaintiff was conclusively bound thereby. Clearly, so far as the judgment as entered is concerned, plaintiff was not entitled to this $28,587.22 as an additional personal judgment, even though it had not, as plaintiff claimed, been complied with. The judgment was not in the alternative and plaintiff's petition did not have for its purpose an enforcement of the judgment but the recovery of a money judgment in lieu of a compliance with that part of the judgment which directed a return to it of the rejected dies. The order appealed from is therefore affirmed.