E. D. WILSON, Plaintiff,

v.

Dallas W. EBERLE, Defendant.

Civ. No. 4032.

District Court, Alaska
Second Division, Nome.

Aug. 4, 1955.

George B. McNabb, Jr., Fairbanks, Alaska, for plaintiff.

James A. Von Der Heydt, Nome, Alaska, for defendant.

HODGE, District Judge.

Plaintiff in this action sought to recover damages for alleged malicious prosecution and false imprisonment; and for his costs and a reasonable attorney's fee. The case was tried before a jury. At the conclusion of the plaintiff's evidence the Court sustained a motion of the defendant for judgment of dismissal as to any cause of action for malicious prosecution; and the case was thereafter submitted to the jury upon the issue of false arrest or imprisonment. The instructions to the jury defined the issues to be determined as to the liability or non-liability of the defendant for the acts complained of, in answer to specific questions stating that if their answer to such questions is in the affirmative they should find for the plaintiff and then consider the question of damages. The issue of damages, both compensatory and punitive or exemplary, was further defined in such charge; and the instruction as to compensatory damage included the following language:

"If you find in favor of the plaintiff but find that he has suffered no such actual or compensatory damage he is entitled only to nominal damages."

The jury returned the following verdict:

"Verdict Number One

"We, the jury duly impaneled and sworn to try the above entitled cause, do find in favor of the plaintiff and against the defendant; and do further find that the plaintiff is entitled to recover from the defendant the following amounts as damages:

"(1) For general or compensatory damage, the sum of None dollars;

"(2) For punitive or exemplary damage, the sum of None dollars."

No objection was made at the time of the rendition of the verdict by either party as to its form or content, although immediately following adjournment plaintiff protested that the jury under the Court's instructions must have found at least nominal damages.

Defendant now moves for entry of judgment for the defendant and against the plaintiff, "to conform with the true intent of the verdict", under the provisions of Rule 58 Fed.Rules Civ.Proc. 28 U.S.C.A. contending that as the cause of action was basically for damages, and no such damages were awarded by the jury, the verdict must be construed instead for the defendant.

█ This situation appears to be a novel one, upon which no precise precedent is found. There appears to be no question but that the Court under the provisions of the rule cited exercises power and control over the entry of a judgment upon such a verdict to the extent of determining what is the appropriate judgment to be rendered in accordance with the jury's verdict; but cannot go beyond the scope of facts embraced in the verdict of the jury, which is conclusive. 3 Barron and Holtzoff, Fed.Prac. and Proc., Sec. 1283; Continental Cas. Co. v. Little, 5 Cir., 152 F.2d 728; Van Ness v. Van Ness, 6 How. 62, 47 U.S. 62, 12 L.Ed. 344; Mutual Benefit Health & Accident Ass'n v. Thomas, 8 Cir., 123 F.2d 353. In construing the verdict reference may be had to the pleadings, the evidence, and the charge of the Court. U.S. Fidelity & Guaranty Co. v. Church, D.C., 107 F.Supp. 683.

█ It is held generally that a verdict finding matters uncertainly and ambiguously, or where it is inconsistent and not determinative of the issues, is insufficient to support a judgment for either party. Prentice v. Zane's Adm'r, 8 How. 470, 49 U.S. 470, 12 L.Ed. 1160; Elliott v. American Surety Co., 9 Cir., 281 F. 829.

In the last cited case the Circuit Court of Appeals held that the verdict of a jury in an action for false imprisonment

finding in favor of the defendant but awarding the plaintiff $750 damages was so inconsistent that no judgment could be entered upon it, for the reason that "the verdict determines the same issue in favor of both the plaintiff and the defendant"; and the cause was remanded for a new trial. However, the case at bar is readily distinguishable from the verdict rendered in such case. It was clearly the intention of the jury to find in favor of the plaintiff on the essential issue that the plaintiff did suffer a technical false imprisonment at the instance of the defendant, but that he had not been damaged thereby. Such finding was fully justified by the evidence and instructions, and consistent with the contentions of the defense.

The rule is well established that nominal damages are recoverable where a legal right is to be vindicated against a wrong or invasion of that right which has produced no actual loss or damage; for the law infers some damage from the invasion of that right. Such nominal damages are awarded, not as compensation for the injury, but merely in recognition of the plaintiff's right and of the technical invasion thereof by the defendant. And where there is found any invasion of such right, whether actual damage is caused or not, at least nominal damages should be recovered. 15 Am.Jur., Damages, Secs. 5, 6, 8, pp. 390–396. Under the instructions of the Court the jury should have awarded such nominal damages. The failure of the jury properly to respond to such question is not grounds upon which that portion of the verdict finding in favor of the plaintiff may be set aside, where it appears that such error does not affect the other or principal issue. Mutual Health and Accident Ass'n v. Thomas, supra.

In construing the true intent and meaning of the verdict I find that judgment should appropriately be entered in favor of the plaintiff and against the defendant for nominal damages in the sum of $1, together with plaintiff's costs to be taxed by the Clerk, and together with a minimum attorney's fee of $250.

Judgment may be entered accordingly.