**LEDGE HILL FARMS, INC., Plaintiff,**

v.

**W. R. GRACE & CO., Inc., Defendant.**

United States District Court
S. D. New York.
May 7, 1964.

Spitzer & Feldman, New York City, for plaintiff.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant.

CROAKE, District Judge.

Pursuant to Rule 54(d), Federal Rules of Civil Procedure, plaintiff moves for a review of the taxation of costs by the Clerk of this Court, and for an order disallowing costs *in toto*.

This was an antitrust treble damage action brought under 15 U.S.C. § 15 on account of an alleged violation of Section 2(e) of the Robinson-Patman Act (15 U.S.C. § 13(e)). Plaintiff alleged that defendant, through its Cryovac Division, had provided advertising and promotional services to a competitor of plaintiff (Vibo Farms) not offered to plaintiff on proportionately equal terms. At the trial, this court propounded the following questions to the jury, and the jury answered them as indicated:

"1. Within the meaning of Section 2(e) of the Robinson-Patman Act, which I have read to you, and within the instructions I have given to you as to its meaning, did defendant discriminate in the furnishing or contributing to the furnishing of any services or facilities connected with the sale or offering for sale, of Cryovac bags in favor of Victor Borge, doing business as Vibo Farms, and against plaintiff, Ledge Hill Farms, Inc.?"

Answer: "12 Yes, 0 No."

"2. Did Cryovac sell its plastic bags to plaintiff and to Vibo Farms for 'resale' within the meaning of that Act?"

Answer: "10 Yes, 2 No."

"3. Did such discrimination, if it took place, proximately cause damages to plaintiff in its business or property?"

Answer: "0 Yes, 12 No."

In view of the answer to question 3, the jury did not return an answer to the fourth question which concerned the amount of damages, if any.

Upon these findings, the court granted a motion for a general verdict in favor of defendant, and judgment was entered accordingly.

Plaintiff maintains (1) defendant was not the "prevailing party" within the meaning of Rule 54(d), and (2) the items of costs as taxed by the Clerk were not proper.

The issue to be initially decided is whether defendant was the "prevailing party" within the meaning of Rule 54(d), for, unless it was, no costs may be awarded to it. In Bowman v. West Disinfecting Company, 25 F.R.D. 280 (E.D.N.Y. 1960), relied upon by plaintiff, it was

held that, in a breach of warranty case where the jury verdict was for plaintiffs on the issue of liability but against them on the issue of the existence of damages, defendant was not the "prevailing party."

Plaintiff argues that the same is true in the instant case. There are, however, differences. First, a special verdict as to "resale," (question 2) was not unanimous. Therefore, unlike the Bowman case, it cannot be said that in this case the jury found in favor of liability, since "resale" was an essential element for the imposition of liability. Moreover, this action was brought under 15 U.S.C. § 15, which provides a right to sue only to a "person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws * * *."

Defendant urges that the language of that statute provides for liability only where the plaintiff has suffered damages and that, therefore, the findings of the jury that no injury was suffered amounts to a finding of no liability.

There was little, if any, dispute as to the facts relevant to the issue whether the items in question (plastic bags used for packaging frozen Rock Cornish Game Hens) were sold to plaintiff for "resale"; had it not proved moot by the jury finding that plaintiff had suffered no injury, this court would have held that said items were sold for "resale" as a matter of law (see Corn Products Refining Co. v. Federal Trade Commission, 324 U.S. 726, 65 S.Ct. 961, 89 L.Ed. 1320 (1945)), and the court would so find now if such findings would be dispositive upon this motion. Accordingly, aside from the question of the non-existence of damages, for the purposes of this motion, it can be assumed that liability was established.

 If the Bowman case stood for the proposition that where liability has been found but no damages are allowed, plain-

tiff is to be deemed the "prevailing party," the court would have little difficulty in applying it in this case. The court does not believe, on the face of it, that Congress, by enacting 15 U.S.C. § 15 had endeavored to do anything more than create the cause of action for a person injured by a violation of the antitrust laws. Certainly, there is no explicit provision in that act barring costs in favor of a defendant who, although he has violated an antitrust law with respect to a plaintiff, has not caused him provable harm. However, the court in Bowman, in order to find plaintiff the "prevailing party," apparently was of the opinion that it was necessary to amend the judgment so that it was, in fact, in favor of plaintiffs for a nominal amount. Judgment for nominal damages was also rendered in favor of plaintiffs in the cases of Chesapeake and Potomac Telephone Co. v. Clay, 90 U.S.App.D.C. 206, 194 F.2d 888 (1952), Atlantic Oil Producing Co. v. Masterson, 30 F.2d 481 (5th Cir. 1929), and Wilson v. Eberle, 18 F.R.D. 7, 15 Alaska 651 (D.Alask.1955), relied upon by the court in Bowman and by the plaintiff in this case. Plaintiff has not cited any case, nor has this court found any, holding that a party against whom judgment is rendered is the "prevailing party." Therefore, if the precedents are adhered to, this court cannot hold the plaintiff the "prevailing party," unless, like the court in the Bowman case, it amends the judgment to award nominal damages to plaintiff. Even assuming that it were inclined to do so, however, that course of action appears to be foreclosed by the language of Herman Schwabe, Inc. v. United Shoe Machinery Corp., 297 F.2d 906 (2d Cir. 1962),[1] wherein it was stated that nominal damages may not be awarded under 15 U.S.C. § 15. Accordingly, as the judgment is for defendant and should not be disturbed, this court holds that defendant was

---

1. See also Delaware Valley Mar. Sup. Co. v. American Tobacco Co., 184 F.Supp. 440 (E.D.Pa.1960), aff'd 297 F.2d 199 (3d Cir. 1961), cert. denied, 369 U.S. 839, 82 S.Ct. 867, 7 L.Ed.2d 843 (1962). But see

Siegfried v. Kansas City Star Company, 193 F.Supp. 427 (W.D.Mo.1961), and United Exhibitors v. Twentieth Century Fox Film Distributing Corp., 31 F.Supp. 316 (W.D.Pa.1940), contra.

the "prevailing party" in context of Rule 54(d). See Schutte and Koerting Co. v. Fischer, 4 F.R.D. 11 (W.D.Pa.1944).

In none of the foregoing cases holding that nominal damages may not be awarded in a civil antitrust action was the question of costs discussed. Perhaps, if that question had been at issue, a different result would have obtained. An absolute rule that, no matter how flagrant and wilful a violation of the antitrust laws is, the defendant may and plaintiff may not recover costs where no damages are proved, might be inequitable, and, in some cases, violative of the policy which motivated Congress in enacting 15 U.S.C. § 15 to include attorney fees in costs recoverable by a successful plaintiff. This case, however, is not so extraordinary as to induce this court to carve out an exception to the apparent rule.

▮▮ After hearing the testimony, the court is convinced that defendant violated Section 2(e) without any intention of injuring plaintiff. After plaintiff complained about the discrimination, defendant made genuine efforts to stop the course of action violative of the Act. Furthermore, the possible unfairness of an absolute rule is mitigated, to some extent, by the fact that in awarding costs, the court may exercise its discretion. See Harris v. Twentieth Century-Fox Film Corporation, 139 F.2d 571 (2d Cir. 1943).

In this case, costs have been taxed in the amount of $3,607.96. The Clerk, having no discretion in the matter, acted properly in so taxing them. They consist of (1) costs of stenographic transcripts (including deposition and trial transcripts) in the amount of $2,115.23; (2) fees and disbursements for witnesses in the amount of $1,472.70; and (3) attorney's docket fee of $20.00 as provided in 28 U.S.C. § 1923.

2. In rendering this decision, the court has given careful consideration to the case of Farmer v. Arabian American Oil Company, 1963, 324 F.2d 359, recently decided by the United States Court of Appeals for this Circuit emphasizing the discretion of the District Judge in awarding costs.

Although defendant did not act wilfully, it did violate an antitrust law by having discriminated against plaintiff as well as other of its customers. Furthermore, plaintiff, in bringing this action, cannot be said to have acted in bad faith. While plaintiff does not plead poverty, the ability of defendant to meet the expenses of this litigation is unquestioned and unquestionable. Some of the expenses taxed were incurred by defendant for items which may have been helpful but were not necessarily essential for the defense of this action. In any event, taking the entire litigation into consideration (much of the pre-trial portion of which was before the undersigned who, at an early stage, was assigned this case for all purposes pursuant to Rule 2(b) of the general rules of this court), the court has concluded that each party should bear its own expenses. Costs, therefore, will be limited to the statutory attorney's docket fee.[2]

Resettle bill of costs on notice.