Burton D. DUNN, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Defendant.

No. 64 Civ. 1285.

United States District Court
S. D. New York.

Feb. 16, 1968.

**938**

Stone, Malone, Driver & McNeill, New York City, for plaintiff; by John F. McNeill, and Henry Stone, New York City, of counsel.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant; by Richard C. Casey, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

This action was brought under the Securities Exchange Act of 1934 and under common law fraud and negligence counts by a customer against his stockbroker. After a verdict of a jury and judgment in its favor, the successful defendant moves for review under Rule 54(d) of the Federal Rules of Civil Procedure of the taxation of costs against the unsuccessful plaintiff as determined by the Clerk of this Court. The unsuccessful plaintiff cross-moves for review of two items of defendant's bill, which were allowed by the Clerk.

The plaintiff is a resident of Cannes, France and maintained a securities account in the defendant's Cannes office. He transacted business with and through Gerard Troncin at first and later, through John J. Turrell; successively, they were the managers of defendant's Cannes office and both of them are residents of France. The issues in the case turned largely on the acts and transactions of these men in relation to the plaintiff's ownership and sale of 1200 shares of Syntex stock.

During the course of the litigation, the plaintiff served a notice of examination before trial of the defendant by its employees, Troncin and Turrell said depositions to be taken by the plaintiff in New York. The defendant resisted the production of these witnesses and the taking of such oral depositions on the ground that the men named were not defendant's managing agents. This contention was overruled and the plaintiff was given the right to examine the defendant in this litigation by Troncin and Turrell as managing agents.

The order of Judge Tyler entered at plaintiff's instance read:

"Since I find that, upon the facts here presented and within the meaning of that term as contemplated by the Rules, Messrs. Turrell and Troncin are managing agents of defendant, at least for the purposes of this litigation, defendant is directed to produce these two individuals in New York City for examination upon oral depositions seven (7) days before trial of this action is scheduled to begin. So Ordered."

The defendant complied and the defendant produced the two in this District and they were examined at length before trial by the plaintiff; their testimony was actually utilized to some extent on the trial itself by the plaintiff. Their presence in New York at the trial was reasonably necessary and their testimony relevant, indeed "vital". The issue of credibility was of critical importance in the jury's determination, and since the plaintiff himself testified as to his version of the facts, the personal appearance of Messrs. Troncin and Turrell was not reasonably dispensable.

The items of costs now in controversy are the following:

I.   $965.29 of transportation costs representing the round trip air fare of Messrs. Troncin and Turrell from France which the Clerk has taxed at $32.00 or $16.00 a piece;

II.  $910.49 of maintenance expenses of the same two witnesses from France for 8 days maintenance in New York, the Clerk having taxed $68.00 for each;

III. $582.00 of court reporters' fees for the trial transcript furnish-

ed to the Court which the Clerk taxed in full;

IV. $472.70 of costs incident to taking of the pretrial deposition of the plaintiff which the Clerk taxed in full.

The statute, 28 U.S.C. § 1821, provides that a witness attending before any person authorized to take his deposition pursuant to an order of a Court of the United States as well as a witness attending in any Court of the United States, shall receive $4.00 for each day's attendance and for the time necessarily occupied in going to and returning from the Court and 8 cents per mile for going from and returning to his place of residence. Witnesses who attend at points so far removed from their respective residences as to prohibit return thereto from day to day are entitled to an additional allowance of $8.00 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance. It is further provided in the statute that in lieu of the mileage allowance provided for therein, witnesses who are required to travel to and from the continental United States shall be entitled to the actual expenses of travel at the lowest first-class rate available by means of the transportation employed.

### I.

In respect of the transportation expenses of each of Messrs. Troncin and Turrell, the Clerk applied the rate of 8 cents per mile to 100 miles of the distance travelled by them on the theory that subpoenas requiring the attendance of witnesses at a trial cannot be served outside the judicial district more than 100 miles from the place of trial and since witnesses cannot be compelled to travel more than 100 miles, a party who persuades them to do so by paying their transportation expenses cannot have those expenses taxed as costs against his adversary.

Whatever vitality this so-called 100-mile rule still retains, cf. Farmer v. Arabian American Oil Co., 379 U.S. 227,

85 S.Ct. 411, 13 L.Ed.2d 248 (1964) reversing 324 F.2d 359 (2 Cir. 1963), since the 1949 congressional amendment to 28 U.S.C. § 1821 providing that "witnesses who are required to travel * * to and from the continental United States, shall be entitled to the actual expenses of travel * * *.") the issue in this case is not in doubt because Messrs. Troncin and Turrell were not here merely by the voluntary choice or persuasion of defendant; they were ordered to be brought here to be examined on behalf of the defendant at the instance of the plaintiff.

Consequently, in my opinion, the defendant is entitled to the taxation requested of $965.29 for the round trip air fares of Messrs. Troncin and Turrell.

### II.

The subsistence expenses in New York of the witnesses Troncin and Turrell during the periods of the trial were in each instance taxed at the statutory rate of $8 per day plus $4 for every day in Court, in all amounting to $68 for each. Although the actual subsistence expenses claimed were in the amounts of $466.49 and $444.00 respectively, the statute 28 U.S.C. § 1821 makes no provision for taxation of subsistence costs beyond the amounts taxed by the Clerk. Accordingly, I conclude that the Clerk's taxation of these expenses was correct and they are confirmed.

### III.

Plaintiff objects to taxation of costs for the Court's copy of the minutes of the trial paid to the Southern District Court Reporters in the amount of $1,017.63; this item was allowed by the Clerk at $582.00. The Clerk reached this figure by multiplying the single copy rate of 50 cents per page for 1164 pages.

At the commencement of trial, counsel for plaintiff and defendant, without the knowledge of, or any requirement by the Court, agreed to obtain daily copies of the stenographic minutes of the trial and agreed among themselves with the Court Reporter to divide equally the cost of such daily copies. The Court was pro-

vided daily with the third copy of the transcript at no additional cost to either party. Thus, the cost of all three copies, plaintiff's, defendant's and the Court's was equally shared by plaintiff and defendant in accordance with agreement by the respective counsel with the Court Reporter. Plaintiff has thereby paid one-half the cost of the copy supplied to the Court.

This case was tried to the Court and a Jury and was of reasonably short duration. Certainly, the transcript was a convenience and helpful to the Court. However, the Court kept accurate, detailed notes of the proceedings and it cannot be said that the reporter's transcript was particularly useful in the determination of the ultimate issue; and clearly it was not indispensable in formulating the charge to the jury or for any other purpose.

■ Under these circumstances, I conclude that the Court Reporters' fees for the copy of the transcript furnished to the Court are not taxable in this case and the amount taxed should be stricken.

### IV.

Defendant took plaintiff's deposition which was reported by a private stenographer. Defendant submitted a request that it be allowed $896.50, the cost of the reporting services, for which the stenographer provided the original and two copies of the transcript. This number of copies was furnished for the minimum cost of a transcript. The Clerk taxed the costs at $472.70 representing the minimum cost of the copies supplied by the reporter using the rate charged by the Southern District Court Reporters for supplying such service.

The argument is made that the entire amount should be disallowed because the plaintiff's deposition was used for discovery and preparation by defendant's counsel; that no part of the deposition was ever put into evidence; and that at the trial only two questions and answers in the deposition were read by counsel for the defendant during the cross-examination of the plaintiff.

■ I conclude that plaintiff's deposition was reasonably necessary. The plaintiff was the principal witness in his own behalf. In such circumstances, it was imperative for the defense to know what the plaintiff's version of the facts was and to be prepared to impeach his testimony if a change should appear. Meyers v. Selznick Company, Inc., 63 Civ. 1720, Levet, D. J. (S.D.N.Y. May 20, 1966 as amended June 21, 1966).

The defendant is entitled to recover the minimum charge for the transcript for which the reporter furnished three copies. This was the amount taxed by the Clerk. His taxation is sustained.

So ordered.