**ELECTRONIC SPECIALTY CO., William H. Burgess and John B. Fitzpatrick, Plaintiffs,**

v.

**INTERNATIONAL CONTROLS CORP., Defendant.**

**No. 68 Civ. 3434.**

United States District Court
S. D. New York.
April 17, 1969.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for plaintiffs; Milton Kunen, Jay G. Strum, New York City, of counsel.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, and Hogan & Hartson, Washington, D. C., for defendant; David R. Hyde, New York City, Francis L. Casey, Jr., G. Richard Dunnells, Washington, D. C., of counsel.

## DECISION AND ORDER

LASKER, District Judge.

Pursuant to Rule 54(d), Federal Rules of Civil Procedure, plaintiffs moved for a review of the taxation of costs by the clerk of this court and for an order disallowing costs *in toto*. The defendant cross-moved, pursuant to Rule 54(d), for an order allowing certain items in defendant's bill of costs which were disallowed by the clerk of this court.

This action arose under Sections 10 (b), 14(d) (1) and 14(e) of the Securities Act of 1934. It was commenced on August 27, 1968, at which time plaintiffs sought to enjoin consummation of defendant's then pending tender offer and to require defendant to return all shares which had been tendered to it. Judge Wyatt denied a motion for a temporary restraining order, and on September 12, 1968, after a three-day evidentiary hearing, Judge McLean denied plaintiffs' motion for a preliminary injunction.

On November 12, 1968, a twelve-day hearing commenced on a motion by plaintiffs to enjoin defendant, International Controls Corp. ("ICC"), from voting its Electronic Specialty Co. ("ELS") stock at any regular or special meeting of the stockholders of ELS, or to divest defendant of its ELS common stock and deben-

tures, and on defendant's motion for summary judgment. While denying plaintiffs' request for divestiture or for an injunction against the voting of ELS stock, the District Court did find violations of the Act and issued a preliminary injunction against defendant's violating the 1934 Act in the future in connection with any tender offer for securities of Electronic Specialty Co. It also granted summary judgment against one of the plaintiffs. Both parties then appealed to the Court of Appeals for a review of the decision. On January 24, 1969, that Court affirmed the District Court's denial of the relief sought by plaintiffs, but reversed the District Court's order granting the preliminary injunction against future violations of the Act with directions to dismiss the complaint. (409 F.2d 937 (2d Cir., Jan. 24, 1969)).

## I. PLAINTIFFS' MOTION FOR DISALLOWANCE OF COSTS IN TOTO

■ Under Rule 54(d), the prevailing party is generally allowed costs.[1] The plaintiffs, while admitting that the defendant is the prevailing party, nevertheless request the court to exercise its discretion and not to follow the general rule. Although the court has discretionary authority to deny costs to the prevailing party,[2] the facts here do not warrant the exercise of that discretion. There is no doubt that the plaintiffs brought this action in good faith, but this alone will not alter the general rule, especially where the losing party is financially able to bear the costs of the litigation.

The cases cited by plaintiffs involve culpable actions by the prevailing party which justify the "penalty" of the denial of costs. No such actions are present here. Ledge Hill Farms, Inc. v. W. R. Grace & Co., 230 F.Supp. 638 (SDNY,

1964), is also distinguishable from the present case. There, the defendant was found to have violated Section 2(e) of the Robinson-Patman Act, but was held to be the prevailing party when the plaintiff was found to have suffered no damages. No such violation by the prevailing party was present here.

■ In their moving papers, the plaintiffs express concern that if the defendant is awarded costs, it will not seek to collect the proportionate share from Electronic Specialty Co. Since defendant now owns a controlling interest in ELS, it is in the interest of justice for defendant to seek no more than one-third of the awarded costs from each plaintiff, despite the general rule that where there are several plaintiffs who join together each is individually liable for all the costs and not merely for his pro rata share.

The plaintiffs' motion is therefore denied, subject to the above allocation provision.

## II. DEFENDANT'S MOTION FOR ALLOWANCE OF CERTAIN COSTS DISALLOWED BY THE CLERK

### A. TRANSCRIPTS OF HEARINGS

Defendant claimed $21.90 and $291.95 for the cost of transcripts of hearings before Judges Wyatt and McLean, respectively, and $3,179.50 for the transcript of hearing before the present Judge. The clerk of the court disallowed the first two, and reduced the third figure to $2,470.80, based on the regular rate for an original plus one copy.

The cost of transcripts of testimony taken at trial (hearings here) may be taxed against the losing party when, in the court's judgment, such transcripts

---

I. Rule 54(d) provides in part:

"(d) COSTS. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course

to the prevailing party unless the court otherwise directs ; * * * "

2. Fishgold v. Sullivan Dry Dock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110 (1946).

are necessary for use in the case. Title 28 U.S.C. § 1920(2) specifically authorizes the taxation of such costs, stating that the judge or clerk may tax as costs "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The major consideration, therefore, is whether the transcript was "necessarily obtained for use in the case." Berner v. British Commonwealth Pacific Airlines, 362 F.2d 799 (2d Cir., 1966); Bank of America v. Loew's International Corp., 163 F.Supp. 924 (SDNY, 1958).

The taxation of costs for the transcript of the hearing before Judge McLean is proper, since it was necessary for "use in the case." Portions of the transcript were freely introduced into the later hearing.

The transcript of the hearing before the present Judge was, in a similar manner, "necessarily obtained for use in the case." The hearing was a lengthy and complex one, and its complexity could reasonably have been anticipated before the hearing commenced. Berner v. British Commonwealth Pacific Airlines, supra. Witnesses were often questioned regarding testimony previously given on matters of a specialized and detailed nature. The transcript was also made necessary by the fact that the parties were required to submit proposed findings of fact and conclusions of law at the close of the hearing. The above factors demonstrate that the transcript was necessary to an effective performance of counsel and not merely for their convenience. Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200 (SDNY, 1959). The court found the transcript helpful during the hearing, as well as after the hearing ended. Prashker v. Beech Aircraft Corp., 24 F.R.D. 305 (D. Del., 1959).

The court further concludes that the costs for the transcripts of the hearings should be assessed at the daily rate, since time was of the essence throughout this litigation because of the impending stockholders' meeting of ELS (December 30, 1968) and the desire of the parties to expedite appeal. Therefore, costs of the two hearing transcripts of $291.95 and $3,179.50 are taxed in full in favor of the prevailing party, for a total of $3,471.45.

## B. FEES AND DISBURSEMENTS OF WITNESSES

Witness fees are properly includable as costs of trial, pursuant to Title 28 U.S.C. § 1920(3). Defendant claims costs for the appearance of two witnesses, consisting of $8.00 each for witness fees ($4.00 per day for two days), $16.00 each for daily subsistence ($8.00 per day for two days), and travel expense of $336.00 and $36.80. The clerk of the court allowed the costs for witness fees and daily subsistence, pursuant to Title 28 U.S.C. § 1821, but limited the travel expenses to $16.00 for each witness (8 cents per mile each way), applying the "100-mile limit rule."

The rule which limits costs for a witness' travel to 100 miles each way does not stand as a rigid boundary to taxation of costs. Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). In that case the Second Circuit, although it did not compel abandonment of the 100-mile rule, suggests the appropriateness of its abandonment in 324 F.2d 359, 363:

"As this case well illustrates, a 100-mile limitation is an anachronism in a day when the facility of world-wide travel and the development of international business make the attendance at trial of witnesses from far off places almost a matter of course."

The 100-mile rule has been disregarded where the witness' testimony is relevant and material, reasonably necessary, and bears on essential issues of the case. Bank of America v. Loew's International Corp., supra; Mailer v. RKO Teleradio Pictures, Inc., 332 F.2d 747 (2d Cir., 1964); Maresco v. Flota Mercante Grancolombiana, 167 F.Supp. 845 (ED

NY, 1958); Bennett Chemical Co. v. Atlantic Commodities, Ltd., supra. The two witnesses in question were directors and officers of defendant ICC, and their testimony fell within the above guidelines. The expenses of directors and officers can be allowed, even though they are testifying on behalf of their corporations, so long as their interest in the litigation is no more than a natural concern for the welfare of the corporation as opposed to actual participation in the litigation to the extent that they become identifiable as a party in interest. Perlman v. Feldmann, 116 F.Supp. 102 (D.Conn., 1953); Modick v. Carvel Stores of New York, Inc., 209 F.Supp. 361 (SDNY, 1962). 6 Moore's Federal Practice, § 54.77(5). The two witnesses in the instant case (Pershing and Thorpe) have not assumed the roles of a party in interest. Further the costs for these witnesses is not out of proportion to the amount of money involved in the litigation. Farmer v. Arabian American Oil Co., 31 F.R.D. 191 (SDNY, 1962).

One of the witnesses came to New York from California, a round trip distance of 6040 miles. Rather than asking for 8 cents per mile, the defendant is claiming the cost of his actual air fare ($336.00). The court concludes that travel expenses of $336.00 and $36.80 should be allowed, in addition to the amount of $24.00 each allowed by the clerk for witness fees and daily subsistence, for a total of $420.80.

## C. COSTS OF TAKING DEPOSITIONS

The cost of taking depositions is taxable under Title 28 U.S.C. § 1920(2), if they were "necessarily obtained for use in the case." This language was changed from "use on the trial." Thus, a deposition which is not used at the trial is still taxable in favor of the prevailing party if it appeared to be reasonably necessary to the parties in the light of a particular situation existing *at the time*

*it was taken.* Dunn v. Merrill, Lynch, et al., 279 F.Supp. 937 (SDNY, 1968); Fleischer v. A. A. P., Inc., 36 F.R.D. 31 (SDNY, 1964); Modick v. Carvel Stores of New York, Inc., *supra.* The fact that the deposition is not received in evidence at the trial does not necessarily prevent the taxation of its cost. 4 Moore's Federal Practice, § 26.36. However, costs incurred for depositions which are merely fishing expeditions and only for the convenience of counsel in marshaling his case, as distinguished from a necessity for use in the solution of issues of the case, are not allowable. Bowman v. West Disinfecting Co., 25 F.R.D. 280 (EDNY, 1960); Emerson v. National Cylinder Gas Co., 147 F.Supp. 543 (D. Mass., 1957), aff'd 251 F.2d 152 (1st Cir., 1958).

The costs of the five depositions noticed by defendant are taxable in its favor, since they were depositions of key persons, were used frequently at the hearing, and appeared to be reasonably necessary at the time they were taken. However, the court feels that the exigencies of time did not necessitate the daily delivery of these transcripts and that this daily receipt was apparently for counsel's convenience. Therefore, costs will be taxed against the plaintiff in the amount of $998.20, representing the regular rate for one copy of these five depositions based on Southern District court reporter rates.

Defendant also claimed costs for copies of the transcript of ten depositions noticed by the plaintiffs. The basis of this claim is that plaintiffs did not timely file copies of these transcripts with the court, if they were filed at all. The clerk of the court allowed costs for six of these depositions and disallowed the other four. In order for these costs to be taxed in favor of defendant, a showing would have to be made that the transcripts were not filed timely with the court. Cooke v. Universal Pictures Company, 135 F.Supp. 480 (SDNY, 1955); Ryan v. Arabian American Oil

Co., 18 F.R.D. 206 (SDNY, 1955). The court concludes that in the instant case these costs should be disallowed, since defendant has not shown either that it made any effort to cause plaintiff to file timely with the court, or that plaintiff in fact did not file timely. The court is of the impression that in litigation of this kind, with both parties sparing no expense in their preparation, the defendant would ordinarily have furnished its own copies whether the transcripts were filed with the court or not. Copies of transcripts of depositions obtained for the prevailing party's convenience are not taxable in favor of that party.

For the above reasons, it is the decision of the court that the plaintiffs' motion should be denied and that defendant's cross-motion should be allowed to the extent indicated heretofore.

So ordered.

